**CITY OF DES MOINES POLICE DEPARTMENT and City of Des Moines Civil Service Commission, Appellants,**

v.

**IOWA CIVIL RIGHTS COMMISSION, Appellee,**

and

**Nancy L. Moore, Intervenor-Appellee.**

**No. 69454.**

Supreme Court of Iowa.

Feb. 15, 1984.

Nelda Barrow Mickle, City Sol., Des Moines, for appellants.

Thomas J. Miller, Atty. Gen., and Victoria L. Herring, Asst. Atty. Gen., for appellee Iowa Civil Rights Com'n.

Carl V. Nielsen, Des Moines, for intervenor-appellee Moore.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and CARTER, JJ.

McGIVERIN, Justice.

This appeal concerns the utilization of appropriate statutory procedures for enforcing a final order of the Iowa Civil Rights Commission (Commission). We conclude that complainant Nancy Moore's attempt to enforce a favorable Commission order by filing an application for a hearing before the Commission, and the Commission's holding a hearing thereon, did not comply with statutory enforcement procedures. We, therefore, hold that the Commission's corresponding order awarding specific dollar damages is void for lack of statutory authority in the Commission to entertain complainant's application under this record.

In 1972, Nancy Moore was unsuccessful in her attempt to be employed by the City of Des Moines Police Department as a patrol officer. She filed a complaint of discrimination with the Iowa Civil Rights Commission on April 28, 1972, alleging that she was rejected as a candidate for the position of patrol officer because of her failure to meet height and weight requirements which she claimed unfairly discriminated against women including herself. Those requirements had been set by the Des Moines Police Pension Board and were followed by the Des Moines Civil Service Commission and Police Department.

A public hearing before the Commission to adjudicate the allegations of Moore's complaint was held on January 23–24, 1973.

The Commission entered an order on July 11, 1973, which concluded that the City's height-weight requirements for the position of patrol officer discriminated against female applicants. The Commission ordered the City of Des Moines Police Department and the Des Moines Civil Service Commission (City) to cease and desist from utilizing the discriminatory height-weight requirements, to recruit females into patrol officer positions, and to validate its various testing procedures for those positions.

The Commission's order also provided specific relief for complainant Nancy Moore. The order directed the City to permit Moore to take the test for patrol officer to determine her qualifications for that position, and that if found qualified, she was to be certified for the position of patrol officer. The Commission further ordered that:

[I]n the event that the complainant qualifies for the position of patrol officer by use of proper objective standards, the respondent, City of Des Moines Police Department, shall pay the complainant, Nancy L. Moore, such amount as she

would have earned as a patrol officer had she been found qualified and hired as a result of her application made on or about April 23, 1972. The complainant shall be paid said amount for the period of time from which she would have been hired as a patrol officer, but for her height and weight, to such time as she is hired as a patrol officer. To determine the proper period of time, the respondent *shall indicate by affidavit to the Iowa Civil Rights Commission* the approximate date upon which the complainant would have been hired, but for her height and weight. The amount to be paid herein shall be reduced by such income as the complainant earned for the period of time in question; the complainant *shall submit a sworn statement* of her earnings for the period of time in question *to the commission for appropriate action pursuant to this Order* .... In the event that the complainant is found not qualified, by proper legal objective standards, for the position of patrol officer, the respondent, City of Des Moines Police Department, shall not be required to pay the amount herein ordered.

(Emphasis added.)

The City timely filed a petition for judicial review of the Commission's order in the district court. The filing of the City's petition stayed all action in regard to the Commission's order of July 11, 1973, under the statute then in effect. Iowa Code § 601A.10(10) (1973). *But see* Iowa Code § 601A.17(1) (1983) (judicial review of Commission orders is governed by the Iowa Administrative Procedure Act—Iowa Code ch. 17A); Iowa Code § 17A.19(5) (1983) ("The filing of the petition for judicial review does not itself stay execution or enforcement of any agency action. Upon application the agency or the reviewing court may, in appropriate cases, order such a stay pending the outcome of the judicial review proceedings.").

The Police Pension Board dropped the discriminatory height-weight requirements on August 2, 1976. In view of this action and the steps undertaken by the City in recruitment of females and test validation in accordance with the Commission's order, the City did not pursue prosecution of its petition for judicial review, which was accordingly dismissed pursuant to Iowa R.Civ.P. 215.1 on June 24, 1977.

On October 16, 1978, Moore filed an application for a hearing before the Commission to determine damages allegedly due her under the 1973 Commission order. After an evidentiary hearing, a hearing officer submitted a proposed decision to the Commission which recommended that the Commission not attempt to establish damages since it was without authority to review its 1973 order once it became final and that the appropriate action was for the Commission to seek enforcement by suit in district court. The Commission rejected the proposed decision and entered an order on August 22, 1980, awarding Moore $34,-387.62 in backpay damages to be paid with interest at seven percent from the date of the 1980 order.

The City filed a petition for judicial review of the Commission's 1980 order in district court on October 17, 1980. The Commission and Moore entered a special appearance challenging the adequacy of the service of the petition for judicial review on Moore by the City under Iowa Code section 17A.19(2) (1979) of the Iowa Administrative Procedure Act (IAPA). A copy of the petition had been mailed to Moore's attorney instead of Moore. The district court sustained the special appearance and dismissed the City's petition for judicial review.

The City appealed to this court contending error by the district court in failing to properly apply the notice provisions of the IAPA. In a per curiam opinion filed October 21, 1981, *City of Des Moines Police Department v. Iowa Civil Rights Commission*, 315 N.W.2d 820 (Iowa 1981) (Table), we agreed with the City, holding that Moore's 1978 application commenced a second proceeding to which the IAPA applied. This decision was based on a finding that the Commission's 1973 order became

final upon the dismissal of the City's petition for judicial review of the 1973 order in that no appeal from the dismissal was brought before this court. We specifically noted that "[t]he Commission's order did not purport to retain jurisdiction for the purpose of later determining the amount of intervenor's [Moore's] damages." The Commission's petition for rehearing was denied.

On remand, the district court held on judicial review, contrary to our opinion, that the Commission retained jurisdiction to determine the damages due Moore under the 1973 order and affirmed the Commission's order awarding backpay damages to Moore.

The City appeals from this latest decision of the district court. The Commission and Moore cross appeal from the interest award made by the court in connection with the damages decision made by the Commission.

■■■ In our prior per curiam opinion we concluded the Commission's 1973 order became *final in its entirety* when the City's original petition for judicial review was dismissed pursuant to Iowa R.Civ.P. 215.1 on June 24, 1977. We note that "[o]nce an agency decision has become *final,* there is *no statutory authorization for subsequent agency review.*" *Franklin v. Iowa Department of Job Service,* 277 N.W.2d 877, 881 (Iowa 1979) (emphasis added). Furthermore, a final adjudicatory decision of an administrative agency such as the Commission is entitled to res judicata effect as if it were a judgment of a court. *Toomer v. Iowa Department of Job Service,* 340 N.W.2d 594, 598 (Iowa 1983). Therefore, we reiterate the conclusion of our prior opinion wherein we said that Moore's application for a hearing filed on October 16, 1978, was a *new proceeding* and governed by the IAPA.

However, we decline the opportunity to simply rely on our prior per curiam opinion as "law of the case" in deciding this appeal. We opt instead to set forth the rationale behind our prior statement that "[t]he Commission's order did not purport to retain

jurisdiction for the purpose of later determining the amount of intervenor's damages." This is necessary in order to show that the Commission's 1973 order was final in its entirety and not subject to further review by the Commission.

■■■ We first point out that the Commission's order made no express provision for the retention of jurisdiction for the purpose of later determining the actual amount of money damages to which Moore may have been entitled under the 1973 order. We do not find an implicit authorization either.

The Commission's 1973 order directed the City and Moore to submit affidavits, setting forth additional facts relevant to the determination of her possible damages, to the Commission "for appropriate action pursuant to this Order." The appropriate action to be taken by the Commission was to seek enforcement of the order pursuant to statute if the City did not voluntarily comply.

The order's provision for the submission of affidavits cannot be construed as an implied retention of jurisdiction to determine actual damages. The affidavit mechanism merely incorporated in the order the means by which the record could be supplemented for purposes of "appropriate action" which was to seek enforcement of the Commission order in district court. The Commission's order established a framework for determining the actual dollar amount of Moore's possible damages. The framework was analogous to a mathematical equation in which a result is determined according to the values plugged into the equation's variable components. The order's framework or equation was complete and final when the order was entered. The fact that values for the variable components of this framework were to be entered at a later time by affidavit does not take away from the finality of the order itself. In fact, the order's award of damages could have been enforced by the district court without the submission of any affidavits to the Commission due to the district court's authority to "remit the case to the

commission ... for the purpose of adducing additional specified material evidence...." Iowa Code § 601A.10(5) (1973). It is noteworthy that the 1973 order did not provide any requirement that Moore should file an application for hearing before the Commission to determine the actual dollar amount of damages due her under the 1973 order. The order merely required the submission of affidavits which were to be used to supplement the record that would be reviewed by the district court in an enforcement proceeding.

■ Because Moore's 1978 application instituted a "new proceeding," it is also governed by the substantive provisions of the Iowa Civil Rights Act, Iowa Code chapter 601A (1977), in addition to the IAPA, chapter 17A. Iowa Code section 601A.14(15) (1977) states:

> Any verified complaint filed under this chapter shall be so *filed within one hundred twenty days* after the alleged discriminatory or unfair practice occurred.

(Emphasis added.)

Accordingly, we conclude that Moore's 1978 application for damages, arising out of the discriminatory practices utilized by the Des Moines Police Department in denying Moore's application for employment in 1972 based on height and weight requirements, is barred by Iowa Code section 601A.14(15). Moore's 1978 application, when viewed as a new or separate complaint, was untimely for it was clearly filed more than one hundred twenty days after the discriminatory practice which occurred in 1972. We conclude, therefore, that the Commission was without statutory authorization or jurisdiction to entertain Moore's 1978 application and its subsequent order entered in 1980 is therefore void.

The crucial error made in this extended case was the failure of the Commission to follow the proposed decision of its hearing officer who presided at the 1980 hearing. The hearing officer recommended that the Commission "take immediate steps to have its July 11, 1973, order *enforced* [and] that an emphasis be placed on *enforcing* those parts of the order that concern Nancy L.

Moore." (Emphasis added.) Judicial enforcement was the "appropriate action" that should have been pursued at that point in the case.

■ We deem it sufficiently important for the sake of clarity to emphasize that *judicial enforcement* of an agency order and *judicial review* of an agency order are two separate and distinct proceedings. Judicial review is provided for the party "claiming to be aggrieved by a final order of the commission." Iowa Code section 601A.10(1) (1973) (currently as amended § 601A.17(1) (1983)). Judicial enforcement, on the other hand, is the method by which the Commission in behalf of a successful complainant can enforce a Commission order against a noncomplying party. Iowa Code section 601A.10 (1973) (currently as amended § 601A.17(2)–(10) (1983)). The statutory procedure for pursuing enforcement of a Commission order provides that a final order of the Commission, if not voluntarily complied with, is enforced by the filing of a petition by the Commission in district court for an order of the court enforcing the Commission order. The party filing the petition must serve a copy of the petition upon the respondent. Thereupon the Commission is directed to file with the court a transcript of the record of the hearing. *Id.*

Thus, we cannot construe the Commission's 1980 hearing and order to be an enforcement proceeding because the Commission is not vested with statutory authority to autonomously enforce its final orders. Enforcement of such orders can only be effected by the filing of a petition in district court seeking a judicial order to enforce the Commission order.

We note that the result in this appeal does not affect the right of the Commission and Moore to seek enforcement of the 1973 Commission order in accordance with applicable statutory provisions. We also do not pass on the issue of whether Moore should have been certified under Iowa Code section 400.11 and hired by the City.

In view of our disposition of the appeal, it is unnecessary at this time to address other issues and contentions raised by the parties, including the cross appeal.

Based on the above findings, we reverse the district court's upholding of the Commission's 1980 order and direct the district court on remand to sustain the City's petition for judicial review, thereby reversing the Commission's August 22, 1980, order due to lack of jurisdiction by the Commission to enter that order.

REVERSED AND REMANDED.