**SOO LINE RAILROAD COMPANY, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, Luse Family Farms, Inc., and Monroe County, Iowa, Appellees.**

No. 92–891.

Supreme Court of Iowa.

June 16, 1993.

Patrick J. Nugent, Minneapolis, MN, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., Ames, for appellee Iowa Dept. of Transp.

John A. Pabst and Kevin S. Maughan of Clements, Pabst, Hansen & Maughan, Albia, for appellee Luse Family Farms, Inc.

William C. Owens, County Atty., for appellee Monroe County, Iowa.

CARTER, Justice.

This is an appeal in a proceeding to review agency action pursuant to Iowa Code section 17A.19 (1991). The appellant is Soo

Line Railroad Company (Soo Line) who sought review of an order of the Iowa Department of Transportation (IDOT) requiring it to (1) rebuild a bridge on a county road that crossed over a main line of the railroad, (2) pay damages to an inconvenienced farming corporation, and (3) improve a grade crossing through the corporation's farm. The district court affirmed the agency order except for the interest allowed on the damages to the farming corporation. After considering the arguments of the parties, we affirm the district court's order with a slight modification.

In approximately 1886, the Chicago, Milwaukee and St. Paul Railway Company constructed a wooden bridge on an unnamed, north-south secondary road in Monroe County. The purpose of the bridge was to permit their newly constructed railroad line to pass underneath. Soo Line is the successor in interest to the Chicago, Milwaukee and St. Paul Railway Company.

The railroad in question runs east and west and divides the farmland of Luse Family Farms, Inc. (the Luses) into a northern portion and a southern portion. Other than a gravel underpass for cattle, usable only in the dry season, the wooden bridge was the Luses' only link between the two portions of their farming operation.

On December 1, 1989, two arsonists destroyed the wooden bridge. In a resulting criminal prosecution, these persons received deferred sentences but were required to pay restitution to Monroe County in the sum of $10,000 for damages to the bridge and to pay restitution to Soo Line in the sum of $2922 for damages to the track. The bridge has yet to be reconstructed. As a result, in order to reach the northern portion of their farming operation, the Luses must travel an additional 13.6 miles.

On May 22, 1990, the Luses filed a complaint with the Rail and Water Division of IDOT against Soo Line and Monroe County. They contended that one or both of those entities was required by law to re-

place the bridge and to pay damages for an unreasonable delay in doing so. Soo Line and Monroe County filed cross-claims against each other in this administrative proceeding. The matter proceeded to a contested case hearing before an administrative law judge.

The administrative law judge determined that Soo Line was responsible for the reconstruction of the bridge, the improvement of a grade crossing,[1] and for the damages the Luses sustained as a result of Soo Line's failure to reconstruct the bridge in a timely manner. The Luses' damages were found to be $7197.41. An IDOT "director designee" affirmed the administrative law judge's decision and added interest to the damages that had been awarded to the Luses. The agency retained jurisdiction to monitor compliance with this order for bridge reconstruction and to award any additional damages the Luses might sustain from further delays. The district court affirmed that final agency order except for the addition of interest to the damage award.

On appeal to this court, Soo Line contends that (1) IDOT lacked jurisdiction to resolve this dispute by administrative order, (2) under the appropriate statutes Monroe County was responsible for rebuilding the bridge rather than Soo Line, (3) Soo Line had no responsibility to rebuild the bridge in the absence of a formal resolution of the Monroe County Board of Supervisors calling for that result, and (4) the final agency order is invalid because it was issued by a "director's designee" rather than by the Director of Transportation. We consider these and other related issues. Other facts material to our decision will be discussed in connection with the particular legal issues presented.

I. *Jurisdiction of the Agency to Compel Soo Line to Reconstruct Bridge and Pay Damages.*

■ We first consider Soo Line's challenge to IDOT's jurisdiction. In acting on

---

**1.** The grade crossing controversy was separate and distinct from the bridge reconstruction matter. The agency's order for improving the grade crossing was based on Soo Line's responsibility under Iowa Code § 327G.11 (1991). No issue has been raised on this appeal concerning this matter.

the Luses' complaint, IDOT purported to be applying Iowa Code section 327C.25 (1991), which provides:

A person may file with the department a petition setting forth any particular in which a common carrier has violated the law to which it is subject and the amount of damages sustained by reason of the violation. The department shall furnish a copy of the complaint to the carrier against which a complaint is filed. The department shall request the department of inspections and appeals to schedule a hearing in which the carrier shall answer the petition or satisfy the demands of the complaint. If the carrier fails to satisfy the complaint within the time fixed or there appears to be reasonable grounds for investigating the matters set forth in the petition, the department of inspections and appeals shall hear and determine the questions involved and make orders it finds proper. If the department of transportation has reason to believe that a carrier is violating any of the laws to which it is subject, the department may institute an investigation and request the department of inspections and appeals to conduct a hearing in relation to the matters as if a petition had been filed.

Soo Line contends that this statute does not grant jurisdiction to IDOT to determine whether the railroad or appropriate political subdivisions must rebuild bridges on public roads that have been destroyed by vandalism or to mandate that the responsible entity do so.

We are inclined to agree that section 327C.25 standing alone did not confer jurisdiction on IDOT to resolve a dispute between Soo Line and Monroe County as to who was responsible for reconstructing the bridge or ordering that the bridge be rebuilt. Section 327C.25 speaks only to awards of damages for violations of law by common carriers. As such, it conferred upon IDOT authority to hear the Luses' damage claims and, upon determining that Soo Line's failure to reconstruct the bridge was a violation of law, to award appropriate damages to the Luses for past and continuing violations. This may have been

the limit of the relief the agency could have granted had Monroe County not voluntarily answered the Luses' complaint under section 327C.25 and cross-claimed against Soo Line on the issue of rebuilding the bridge. Because Monroe County took that action, however, the matters that the agency could decide and the relief that it could order were expanded.

This court in *Board of Supervisors v. Chicago and North Western Transportation Co.*, 260 N.W.2d 813 (1977), recognized the authority of the Iowa Commerce Commission (the predecessor agency to IDOT in this regulatory area) to resolve disputes between railway companies and counties over bridge construction and maintenance. That authority was premised on Iowa Code section 478.23 (1973). That statute, currently recodified as Iowa Code section 327G.17 (1991), has not been significantly altered since the *Board of Supervisors* decision. Although the agency did not mention section 327G.17 in its decision, its authority does not depend on an articulation of its statutory mandate for adjudicating the controversy. We hold that the agency had jurisdiction and authority to resolve all of the claims presented and to order that appropriate affirmative action be taken.

■ Soo Line urges, as a corollary to its jurisdictional argument, that the invocation of an administrative remedy for claims of this nature improperly infringes on its right to a jury trial. We disagree. Under the controlling statutes, actions are divided into two classes: civil and special. Iowa Code § 611.2 (1991). Civil actions are in turn divided into two categories that are either ordinary or equitable. Iowa Code § 611.3 (1991). The right of jury trial is mandated only as to ordinary civil actions. Iowa R.Civ.P. 177. The judicial review of administrative proceedings under Iowa Code section 17A.19 is a special action to which no right of jury trial attaches. *See Smith v. ADM Feed Corp.*, 456 N.W.2d 378, 381 (Iowa 1990).

To be consistent with constitutional limitations, our inquiry on the right of jury trial must also consider whether establish-

ing an administrative complaint and adjudication procedure for this type of controversy infringes on a right of jury trial that antedated that procedure. We do not believe that it does. The rights and obligations that are being enforced by the agency are creatures of the same statutory scheme that establishes the procedure for determining those rights and obligations.

## II. *Whether Monroe County Had Primary Responsibility to Reconstruct the Bridge.*

■ Soo Line asserts that the agency decision was contrary to statutory law in failing to find that Monroe County bore the primary responsibility for reconstruction of the destroyed bridge. This argument involves the interpretation of Iowa Code section 327F.2 (1991). That statute provides:

> Every railroad company shall build, maintain, and keep in good repair all bridges, abutments, or other construction necessary to enable it to cross over or under any canal, watercourse, other railway, public highway, or other way, except as otherwise provided by law, and shall be liable for all damages sustained by any person by reason of any neglect or violation of the provisions of this section.

Relying on the "except as otherwise provided by law" language contained in section 327F.2, Soo Line argues that, by reason of Iowa Code section 306.4(2), jurisdiction and control over secondary roads is vested in the county board of supervisors of the respective counties. It notes that the secondary road system includes "all bridges and culverts" contained on such roads. Iowa Code § 309.3 (1991); *see Larsen v. Pottawattamie County*, 173 N.W.2d 579, 581 (Iowa 1970) (a bridge is an integral part of the road on which it is located). As a result of these statutes, Soo Line contends, it is otherwise provided by law that Monroe County be responsible for reconstruction of the bridge.

The agency and the district court rejected Soo Line's interpretation of section 327F.2 on the ground that the general responsibility of counties for construction of bridges on secondary roads was surely a matter of legislative awareness when that statute was enacted. Given that circumstance, the agency and district court concluded that section 327F.2 must necessarily be viewed as a special statute fixing responsibility of a railroad company as to "bridges ... necessary to enable it to cross over or under any ... public highway."

We agree with the interpretation that the agency and district court placed on section 327F.2. It is a special statute dealing with highway bridges that cross railroad lines. Its manifest intent is, we believe, to relieve the public of the expense of constructing and maintaining bridges at those crossing points. *See Farley v. Chicago, R.I. & P. Ry.*, 42 Iowa 234, 236 (1875). The agency acted correctly in placing the burden of reconstructing the bridge on Soo Line without regard to alternative routes or the availability of public funding sources.

## III. *Necessity for Formal Resolution of Board of Supervisors.*

■ Soo Line contends that no action to reconstruct the bridge was required of it in the absence of formal action by the Monroe County Board of Supervisors mandating that the bridge be rebuilt. We find no merit in that contention. The position of Monroe County with respect to reconstruction of the bridge was adequately communicated to all affected parties by documents filed in connection with the complaint procedure before the agency. Although the destruction of the bridge may have produced a de facto closing of the road on which it was located, that secondary road has continued to exist as a public highway. Consequently, section 327F.2 was self-executing with respect to the obligation that it visited upon Soo Line. No formal resolution by the board of supervisors was required as a condition for the agency acting to enforce that obligation.

## IV. *Action by the Director's Designee.*

■ The next issue for consideration is Soo Line's claim that the final agency decision was improperly delegated to a "director's designee." It urges that only the

Director of Transportation may render the final agency order. The applicable statutes refute this contention. The term "Director," as utilized throughout these statutes, is defined to include "the director of transportation or the director's designee." Iowa Code § 307.1(1) (1991).

### V. *Disposition of the $10,000 Restitution Award to Monroe County.*

■ Throughout these proceedings, Soo Line has questioned the retention of the $10,000 restitution payment by Monroe County in light of that entity's unwavering assertion that it had no property interest in the bridge that was destroyed. Both the agency and the district court declined to enter a ruling on that matter.

On the surface perhaps it would appear that the requirement for restitution as part of the criminal prosecution of the vandals who destroyed the bridge is beyond the scope of the matters properly before the agency. In viewing the totality of circumstances, however, we conclude otherwise. Monroe County accepted the authority of the agency to completely adjudicate the issues in controversy between the parties. The payment of the $10,000 restitution to the county was a fait accompli at the time of the final agency decision. The funds were being held in a special account by Monroe County to abide the result of the pending dispute.

The district court acknowledged that there may be special circumstances in which the agency could place some obligation on a county with respect to construction or maintenance of highway bridges that cross over railroads. Given that acknowledgment, we believe that, as a condition for visiting the obligations of section 327F.2 upon Soo Line, Monroe County should have been required to make the $10,000 restitution payment available to apply on the cost of reconstructing the bridge. We modify the district court's decree so as to include that requirement.

### VI. *Interest on the Damages Awarded to the Luses.*

■ As a final matter, we affirm the action of the district court in deleting the award of interest to the Luses made by the director's designee. The type of relief that courts are authorized to grant in review of agency action is limited by section 17A.19(8), which provides, in part:

> The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal, and including declaratory relief, if substantial rights of the petitioner have been prejudiced.

When a judgment of a court affirms an agency order for the payment of money, the relief afforded at that stage is to take place through the agency machinery rather than a court process. Similarly, if a decision on judicial review does not affirm the agency action or remand to the agency for further proceedings, it must grant relief by directing the agency to conform its decision to that of the court. As a result, the ultimate relief, be it monetary or of some other nature, is also afforded through the agency machinery rather than by judicial process.

In the present case, no statutory authority to award interest on the agency's part has been suggested. In the absence of statutory authority for the agency to award interest, no interest may be imposed by a court until such time as an enforcement order has been sought and obtained from that court. *See Klein v. Furnas Elec. Co.*, 384 N.W.2d 370, 375 (Iowa 1986).

We have considered all issues presented and conclude that the judgment of the district court should be affirmed except as to our modification with respect to application of the criminal restitution funds on the cost of constructing the bridge. It is so ordered. Costs of appeal are assessed to Soo Line.

**AFFIRMED AS MODIFIED.**

All Justices concur except LARSON, J., who takes no part.