STATE of Iowa, ex rel., IOWA
DEPARTMENT OF NATURAL
RESOURCES, Appellee,

v.

Robert SHELLEY and Sally
Shelley, Appellants.

No. 92–1470.

Court of Appeals of Iowa.

Dec. 29, 1993.

Robert Shelley and Sally Shelley, pro se.

Bonnie J. Campbell, Atty. Gen., David R. Sheridan, and David L. Dorff, Asst. Attys. Gen., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Robert and Sally Shelley own property in rural Guthrie County, Iowa. The South Raccoon River runs along one side of the property, and the property is in the flood plain of the river. Over many years Shelleys placed materials such as metal fencing and automobile parts, scrap wood, and concrete on their property with the intention of decreasing erosion from the river.

In June 1989 the Iowa Department of Natural Resources (DNR) investigated a complaint that Shelleys were dumping solid waste on their property. Metal and wood' are considered solid waste under Iowa Code section 455B.301(20) (1991) and are subject to regulation by the DNR. Concrete is excepted from the definition of solid waste. *Id.* On June 14, 1989, the DNR sent notice to the

Shelleys they were violating section 445B.307(1). This section provides:

A private agency or public agency shall not dump or deposit or permit the dumping or depositing of any solid waste at any place other than a sanitary disposal project approved by the director unless the agency has been granted a permit by the department which allows the dumping or depositing of solid waste on land owned or leased by the agency.

Shelleys were given thirty days to haul the solid waste to an approved sanitary disposal project.

The DNR investigated the property again on August 15, 1989, and December 11, 1989. Shelleys made no efforts to remove the solid waste from their property. They informed the DNR they felt they were not in violation of the law and they objected to the charges against them.

The DNR issued administrative order No. 90–SW–28 on December 17, 1990. Shelleys were ordered to cease the disposal of solid waste on their property, remove the solid waste already on their property, and pay a penalty of $1,000.

The order notified the Shelleys they had a right to appeal. Section 455B.308 provides:

Any person aggrieved by an order of the director may appeal the order by filing a written notice of appeal with the director within thirty days of the issuance of the order. The director shall schedule a hearing for the purpose of hearing the arguments of the aggrieved person.... The director shall issue the findings in writing to the aggrieved person within thirty days of the conclusion of the hearing. Judicial review may be sought of actions of the commission in accordance with the terms of the Iowa administrative procedure Act.

Shelleys did not appeal the administrative order. Neither did they comply with the order. The Environmental Protection Commission then referred the matter to the attorney general. On July 16, 1991, the State, on behalf of the DNR, filed a petition against the Shelleys seeking to enforce the administrative order and to permanently enjoin the Shelleys from violating the open dumping laws. Shelleys answered and have proceeded in this case pro se.

A trial was held on May 19, 1992. Shelleys admitted they had not removed the solid waste from their property and had not paid the $1,000 penalty. The court noted that the Shelleys could leave dirt, concrete, and rubble on their property because these are not considered to be solid waste under the statute. However, the metal fencing, corrugated roofing, automobile parts, scrap wood, paper products, and other metal products must be removed to an approved sanitary disposal project. The court also enjoined the Shelleys from any further violations of the open dumping laws.

The court concluded that because the Shelleys did not appeal the administrative order it became final on February 3, 1991. The $1,000 penalty was due on March 5, 1991. The court entered judgment against the Shelleys for $1,000 plus interest of 1.5% per month since that date. Shelleys have appealed.

Shelleys have raised several issues on appeal. They claim the district court erred by: (1) applying the open dumping law ex post facto; (2) overruling their motion to dismiss; (3) ruling for the State although it had not met its burden of proof; and (4) allowing the presentation of evidence the DNR obtained without a search warrant.

We first note that there is a difference between judicial review of agency action and enforcement of an agency order. *AFSCME/Iowa Council 61 v. State*, 484 N.W.2d 390, 392 (Iowa 1992). Judicial review is provided for the party claiming to be aggrieved by a final order of the agency. *City of Des Moines Police Dep't v. Iowa Civil Rights Comm'n*, 343 N.W.2d 836, 840 (Iowa 1984). Judicial enforcement, on the other hand, is the method by which the agency can enforce its order against a noncomplying party. *Id.*

A final adjudicatory decision of an administrative agency is entitled to res judicata effect as if it were a judgment of the court. *Id.* at 839; *Polk County Secondary Roads v. Iowa Civil Rights Comm'n*, 468 N.W.2d 811, 817 (Iowa 1991). The agency

may then seek enforcement of the order pursuant to statute if a party does not voluntarily comply. *City of Des Moines,* 343 N.W.2d at 839. Enforcement may be effected by filing a petition in district court seeking a judicial order to enforce the agency order. *Id.* at 840.

Enforcement of the administrative order in the present case is pursuant to section 455B.307(2) which provides, in pertinent part:

The attorney general shall, on request of the department, institute any legal proceedings necessary in obtaining compliance with an order of the commission or the director or prosecuting any person for a violation of the provisions of the part or rules issued pursuant to the part.

Enforcement of the $1,000 penalty may also be accomplished pursuant to section 455B.109(3), which provides:

When a person against whom a civil penalty is assessed under this section seeks timely judicial review of an order imposing the penalty as provided under chapter 17A, the order is not final for the purposes of this section until all judicial review processes are completed. *Additional judicial review may not be sought after the order becomes final.* A person who fails to timely pay a civil penalty assessed by a final order of the department shall pay, in addition, interest ... The attorney general shall institute, at the request of the department, summary proceedings to recover the penalty and any accrued interest.

(Emphasis added.)

■ In the present case, the Shelleys did not appeal the administrative order within thirty days, and it therefore became a final agency action. Therefore, in the enforcement proceeding, DNR order No. 90–SW–28 is entitled to res judicata effect as if it were a judgment of the court.

■ Claim preclusion is part of the doctrine of res judicata. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.,* 460 N.W.2d 858, 860 (Iowa 1990). Under claim preclusion, an adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination, and a party must litigate all matters growing out of its claim at one time rather than in separate actions. *Huffey v. Lea,* 491 N.W.2d 518, 520 (Iowa 1992).

We find the case of *Board of Supervisors v. Chicago & N.W. Transp. Co.,* 260 N.W.2d 813 (Iowa 1977), to be instructive to the present situation. The Board of Supervisors for Carroll County was involved in proceedings with the Iowa Commerce Commission. *Id.* at 814. The board did not appeal the commission ruling, but filed a separate action in district court. *Id.* at 815. The court there stated that an administrative adjudication, like a civil court judgment, is conclusive where the proceeding afforded a full opportunity for an investigation and determination on the merits of the suit. *Id.*

The court concluded the agency adjudication stood as a final judgment on the merits of the controversy. *Id.* at 816. The court stated:

Where, as here, the cause of action is the same in both proceedings judgment in the first precludes relitigation of any aspect thereof in the second. In other words the "claim", and all attendant arguments and theories, are put to rest.

*Id.*

We determine Shelleys' claims are barred by the doctrine of claim preclusion. The issues they raise concern the validity of the administrative order. Shelleys had the right to appeal the administrative order and raise their issues at an administrative hearing. They did not do so. The administrative order then became final and is entitled to enforcement.

We affirm the decision of the district court enforcing DNR administrative order No. 90–SW–28. Costs of this appeal are assessed to appellants.

**AFFIRMED.**