Mary SUEHL (Deceased) and Virgil H. Suehl, Appellees,

v.

Helmut SUEHL, Marvin Suehl, and Warren J. Suehl, Appellants.

No. 94–0109.

Court of Appeals of Iowa.

Dec. 22, 1995.

John T. Bribriesco of John T. Bribriesco Law Offices, Bettendorf, for appellants.

Christopher L. Farwell and Richard W. Farwell of Farwell & Bruhn, Clinton, for appellees.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

This case involves certain property in Clinton County. In 1956 Helmut Suehl, Marvin Suehl, and Warren Suehl received title to a farm from their mother. The deed included the 4.5 acres of land which is the subject of this suit. A fence had previously been placed on the land, and the aunt of Helmut, Marvin, and Warren, Mary Suehl, had been farming the land up to her side of the fence line.

In 1982 Helmut, Marvin, and Warren filed a petition to quiet title to the 4.5 acres. The suit named Mary and her sons as defendants. The district court determined Mary had title to the property under the doctrine of adverse possession. The court also concluded Helmut, Marvin, and Warren had acquiesced in the fence as the boundary line for more than ten years.

Helmut, Marvin, and Warren appealed this decision. We affirmed the decision of the district court on the ground of acquiescence. Throughout the decision, Helmut, Marvin, and Warren are called the plaintiffs and Mary and her sons are called the defendants. However, the last paragraph of the decision states:

> Upon examination of the record, we hold that *plaintiffs* have established title to the land in dispute under the theory of acquiescence.

*Suehl v. Suehl,* No. 84–717 (Iowa App. July 25, 1985) (unpublished) (emphasis added). On July 29, 1985, we entered an order correcting the opinion by deleting the word "plaintiffs" from this paragraph and replacing it with the word "defendants." The order stated the correction served to remedy

an obvious inconsistency between the final paragraph and the remainder of the opinion.

On October 12, 1985, Helmut filed an application for further review. In the application he twice notes the change of the word plaintiffs to defendants. The application for further review was denied by the supreme court.

On September 27, 1991, Mary and her son, Virgil Suehl, who was farming the land, filed a petition against Helmut, Marvin, and Warren. The petition alleged defendants had trespassed on their land and destroyed crops. The land which gives rise to this claim is the 4.5 acres which was the subject of the previous suit. Virgil also alleged defendants had thrown a hammer at him and had thrown a roll of wire into his combine. Additionally, plaintiffs sought a permanent injunction to prohibit defendants from entering their property. Mary died while the case was pending, and Virgil inherited the property.

Defendants raised affirmative defenses based on the doctrine of laches, estoppel, and Iowa Code section 614.17. The basis for these affirmative defenses was a claim plaintiffs did not have title to the property in question.

On plaintiffs' motion for partial summary judgment, the district court found the previous court of appeals decision had determined Mary did have title to the property. Defendants appealed this decision. The supreme court treated the appeal as an application for interlocutory appeal and denied the application.

The case then proceeded to trial before the district court. Defendants claimed they did not receive notice of the correction to the court of appeals opinion and argued the correction was therefore not applicable to them. The district court found defendants' application for further review showed they did know of the correction. The court also rejected defendants' affirmative defenses of estoppel and laches. The court stated:

> Defendants' affirmative defenses are a continuing, and by now malevolent, attempt to relitigate an issue which has been resolved to their disadvantage many years ago. They cannot, and do not prevail on any of the claimed affirmative defenses to Plaintiffs' claims as alleged in Plaintiffs' Petition.

The court determined defendants entered upon plaintiffs' land and destroyed crops. The court also found Warren threw a hammer at Virgil and threw a bale of wire into the combine with the intent to damage it. The court awarded Virgil $3158 for damaged crops and property, $500 for the assault, and $9000 for physical and emotional damage. Additionally, the court assessed punitive damages of $15,000. Furthermore, the court issued a permanent injunction prohibiting Helmut, Marvin, or Warren from coming upon Virgil's land.

Defendants filed a motion pursuant to Iowa Rule of Civil Procedure 179(b). This motion was denied by the district court. Defendants appealed.

▇ **I.** Defendants contend the district court erred in finding plaintiffs could maintain a claim of title to the disputed property. Defendants claim plaintiffs' action is barred by section 614.17. This section provides an action to challenge title to real estate based on a claim arising prior to January 1, 1980, must be brought by July 1, 1992. Defendants also claim plaintiffs are barred by the doctrine of laches from asserting title to the property.

▇ Plaintiffs contend defendants' claims to the property are barred by the doctrine of res judicata. Under the doctrine of res judicata, claim preclusion bars further litigation on the same claim or cause of action, and issue preclusion bars further litigation on the same issue. *Riley v. Maloney,* 499 N.W.2d 18, 20 (Iowa 1993). Claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim. *Id.* We find the present case involves the issue of claim preclusion.

▇ Where a cause of action is the same in both proceedings, judgment in the first precludes relitigation of any aspect thereof in the second. *State ex rel. Iowa Dep't of Natural Resources v. Shelley,* 512 N.W.2d 579, 581 (Iowa App.1993). In other words, the

claim and all attendant arguments and theories are put to rest. *Id.* A party is obliged to raise all of its different theories of recovery based on the same transaction or suffer the consequences of claim preclusion. *Palmer v. Tandem Mgmt. Serv., Inc.*, 505 N.W.2d 813, 817 (Iowa 1993). If it does not, its later claim based on a different theory of recovery should be dismissed. *Id.*

Here, the previous litigation between the parties determined Mary had title to the property under the doctrine of adverse possession. Defendants in the present action are precluded from further litigating the issue of title to the property. Therefore, they may not now claim plaintiffs are barred from seeking title by virtue of section 614.17 or by the doctrine of laches.

■ **II.** Defendants claim the district court erred in finding they had notice of the correction to the court of appeals decision. The correction was not filed with the district court until 1992. Defendants state they were never formally notified of the correction until it was filed in the district court, although they admit there is some evidence they knew of the correction.

We find defendants had actual knowledge of the correction. Their application for further review shows they knew the word "plaintiffs" had been changed to the word "defendants."

Additionally, the original court of appeals decision clearly affirmed the district court decision awarding title to the property to Mary. Except for the typographical error in the last paragraph, there is no language in the opinion which could lead defendants to believe they had been awarded the property.

As the correction order states, the correction served to remedy an obvious inconsistency between the final paragraph and the remainder of the opinion. Thus, whether or not defendants had received notice of the correction, the original court of appeals opinion does not support their claim they were awarded title to the property.

■ **III.** Finally, defendants claim the district court should have granted their rule 179(b) motion. In the motion, they sought a clarification of the amount of property which was disputed by the parties. The district court denied the motion. The court pointed out no legal descriptions were provided and stated it had no information upon which to expand or clarify its ruling.

We find no error in the court's denial of the 179(b) motion. The parties admit no evidence was presented on the issue of whether the area of the disputed property was other than 4.5 acres and no legal descriptions were provided to the court.

Plaintiff-appellees seek attorney fees for this appeal. We are unable to award attorney fees in this appeal.

We affirm the decision of the district court. Costs of this appeal are assessed to defendants-appellants.

**AFFIRMED.**