**IOWA WEST RACING ASSOCIATION, an Iowa Nonprofit Corporation d/b/a Bluffs Run, Appellant,**

**v.**

**IOWA RACING & GAMING COMMISSION, and Jack P. Ketterer, Administrator of the Iowa Racing & Gaming Commission, Appellees.**

No. 96–1861.

Supreme Court of Iowa.

May 28, 1998.

**664**

James A. Campbell and Matthew G. Woods of Peters Law Firm, P.C., Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Jeffrey D. Farrell, Assistant Attorney General, for appellees.

CARTER, Justice.

This is the second appeal in the present controversy. In the initial appeal, this court affirmed the district court's chapter 17A judicial review order establishing the legal obligation of the Iowa Racing and Gaming Commission (racing commission) to refund a portion of a tax paid under protest. *Iowa West Racing Ass'n v. Iowa Racing & Gaming Comm'n*, 546 N.W.2d 898 (Iowa 1996). The party to whom the tax refund was determined to be owing in the prior judicial review action was Iowa West Racing Association d/b/a Bluffs Run (Bluffs Run), a licensed gambling facility. After the initial district court decision was affirmed, the racing commission tendered the amount of the tax refund that had been determined without payment of interest. Bluffs Run then moved the district court to tax litigation costs against the racing commission and to add interest to the amount required to be refunded from the date that the initial judicial review was filed. The district court, acting

pursuant to this request, taxed litigation costs against the racing commission but denied the request to award interest. This appeal is from that order. After reviewing the record and considering the arguments of the parties, we affirm the order of the district court.

Ordinarily, in the absence of statutory authority for an agency to award interest on money awards, no interest may be imposed by a court until such time as an enforcement of an agency order has been sought and obtained from the court. *Soo Line R.R. v. Iowa Dep't of Transp.*, 501 N.W.2d 525, 527 (Iowa 1993). Bluffs Run contends that, in the present litigation, the money to be paid as a tax refund is money due on a judgment or decree of a court. Based on this characterization of the award, it argues that it is entitled to interest from the date of filing the initial judicial review proceeding by reason of the provisions of Iowa Code section 535.3 (1995). The district court, relying on our decision in *Soo Line*, determined that the order entered in the judicial review proceedings was not an enforceable judgment for the payment of money but rather a decision requiring the agency to conform its decision to that of the court. We agree with that characterization.

A judgment is a distinct jural act separate and apart from the decision on which the judgment is based. We recognized this principle in *Wilson v. Corbin*, 241 Iowa 226, 40 N.W.2d 472 (1950), in which we stated:

"As a general rule, decisions, opinions, findings, or verdicts do not constitute a judgment or decree but merely form the basis on which the judgment is subsequently to be rendered."

*Wilson*, 241 Iowa at 228, 40 N.W.2d at 474 (quoting 49 C.J.S. *Judgments* § 4 (1946)). In an ordinary action tried in the district court, the court or jury first renders the decision, and the court then renders judgment for the relief to which the prevailing party is entitled.

A judicial review of agency action is not an ordinary action. It is a special action as recognized in Iowa Code section 611.2.

*See Anderson v. W. Hodgeman & Sons, Inc.,* 524 N.W.2d 418, 421 (Iowa 1994). It is in all respects dependent upon the statutes that authorize its pursuit. *Id.* In the disposition of a judicial review action,

> [t]he court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced....

Iowa Code § 17A.19(8).

In characterizing a judicial review decision in *Soo Line,* we stated:

> When a judgment of a court affirms an agency order for the payment of money, the relief afforded at that stage is to take place through the agency machinery rather than a court process. Similarly, if a decision on judicial review does not affirm the agency action or remand to the agency for further proceedings, it must grant relief by directing the agency to conform its decision to that of the court. As a result, the ultimate relief, be it monetary or of some other nature, is also afforded through the agency machinery rather than by judicial process.

*Soo Line,* 501 N.W.2d at 530. In the present case, the district court reversed the racing commission's decision and directed the agency to refund the amount erroneously collected. At the conclusion of that action, there was no judgment spread on the records of the district court upon which section 535.3 could operate. The amount to be paid the prevailing party was to be settled by accommodating the agency's decision to the legal determination of the court. The district court's decision remained in this format following its affirmance on the first appeal.

Apart from the fact that our prior characterization of judicial review decisions renders section 535.3 inapplicable to those decisions, that statute, as a practical matter, does not provide an effective vehicle for making interest determinations on judicial review decisions requiring the payment of money. Although the reviewing court in the present case was able to reduce the agency's obligation to a sum certain, there will be many instances when courts in establishing an agency's obligation to pay money will be unable to state the precise amount owed in its decision. Under such circumstances, there will be no court order specifying the amount of the agency's payment. The agency will have to determine that question based on the legal principles the court has established. If Bluffs Run's contention were adopted, parties in judicial review proceedings whose substantive entitlements are identical would receive different results as to the payment of interest depending upon whether the court or the agency finally settles the sum to be paid. We are convinced that the legislature did not intend to create such a selective and fortuitous entitlement to interest.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

All justices concur except NEUMAN, HARRIS, and LARSON, JJ., who dissent.

NEUMAN, Justice (dissenting).

I respectfully dissent. The majority's view may be technically correct, but it isn't right.

This controversy concerns the sum of $578,634.37 held unlawfully by a state agency since December 30, 1994, when the district court—in the first round of litigation—ordered the sum returned to the taxpayer, Bluffs Run. The situation is quite different from *Soo Line* and *Klein,* upon which the majority so heavily relies, where the individual plaintiffs had prevailed at the agency level, obviating the need for judicial review. In both those cases, remedy for lack of compliance or payment by the state agency was by way of judicial enforcement of the administrative ruling. *See Soo Line,* 501 N.W.2d at 530; *Klein,* 384 N.W.2d at 375; *see also City of Des Moines Police Dep't v. Iowa Civil Rights Comm'n,* 343 N.W.2d 836, 840 (Iowa 1984) (noting distinction between judicial review and judicial enforcement); *State ex rel. Iowa Dept. of Natural Resources v. Shelley,* 512 N.W.2d 579, 580 (Iowa App. 1993) (same). By contrast, Bluffs Run—having lost before the agency—was forced to seek judicial review to recover its refund.

Neither *Klein* nor *Soo Line* furnish authority for the proposition that a party in Bluffs Run's position must seek a judgment on judicial review *and* a separate action for judicial enforcement before interest under section 535.3 becomes payable.

It is true that chapter 99D, which governs gaming commission activities, neither requires nor prohibits the payment of interest on overpaid taxes. Yet the rationale underlying section 535.3—to prevent obligors from profiting through delays in litigation—could not be more clearly illustrated than in the present case. In the absence of a statute expressly placing the financial burden of that delay on the claimant, I believe Bluffs Run is entitled to interest from the commencement of its action in district court under Iowa Code section 17A.19.