**Sally HANTSBARGER and Wilbur Hantsbarger, Appellants,**

v.

**Paul D. COFFIN, Appellee.**

No. 92–275.

Supreme Court of Iowa.

June 16, 1993.

N. Richard Willia and Robert J. Stahle of Margolin, Gildemeister, Willia, Mugan & Keane, Sioux City, for appellants.

John D. Mayne of Mayne & Mayne, Sioux City, for appellee.

SCHULTZ, Justice.

The initial issue on this appeal concerns the adequacy of a certification of expert witnesses in a professional liability case pursuant to Iowa Code section 668.11 (1991). Sally and Wilbur Hantsbarger (plaintiffs) brought a medical malpractice action against podiatrist Paul E. Coffin (defendant), alleging he negligently performed surgery on Sally in November 1988. Plaintiffs filed a designation of expert witnesses, but defendant moved to prohibit expert testimony on grounds that the designation did not provide the experts' qualifications or the purpose for calling them. In addition to claiming an adequate compliance, plaintiffs argue they showed good cause to allow the testimony. The trial court sustained defendant's motion and prohibited the testimony of the experts. Subsequently, the court sustained defendant's motion for summary judgment. We reverse and remand.

Plaintiffs' petition was filed on November 7, 1990, and defendant answered on November 28. All parties agree that the deadline for the certification of experts, pursuant to section 668.11(1)(a), was May 27, 1991. On May 16, plaintiffs filed "Plaintiffs' Designation of Expert Witnesses" which provided the names of eleven expert witnesses. Each name was preceded by the designation "Dr." The filing also stated:

Note: Only Drs. Brown, Berg, and Moalem have been employed for the sole purpose of expressing opinions regarding the issues raised in the Petition filed herein; the balance of those experts herein identified provided care and treatment for Sally Hantsbarger.

On May 30, defendant moved to prohibit expert testimony. Defendant contended that the information provided by plaintiffs did not meet the requirements of section 668.11(1) because the qualifications and purposes for calling the experts were not certified. On June 4, plaintiffs amended their previous designation by adding the occupation of each witness and relating the substance of each witness' testimony. Plaintiffs also resisted the motion to prohibit the expert testimony, claiming that the statute only permits prohibition of expert testimony when the expert's name is not disclosed. Plaintiffs unsuccessfully sought a reconsideration of the ruling prohibiting expert witnesses.

The issues on appeal arise from the rulings prohibiting expert testimony. These rulings left plaintiffs without expert testimony, which precipitated summary judgment against them. Plaintiffs urge their certification of witnesses was adequate, and if not, good cause exists for their failure to adequately designate their witnesses.

I. *Statutory compliance.* The district court ruled plaintiffs did not comply with the requirements of section 668.11. This section provides:

1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, *qualifications* and *the purpose for calling the expert* within the following time period:

 a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time for disclosure.

 b. The defendant within ninety days of plaintiff's certification.

2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.

(Emphasis added.) Defendant's specific complaint is that plaintiffs' designation fails to meet the statutory requirements to certify the "qualifications and the purpose for calling the expert." Plaintiffs argue that they did comply with both the letter and the spirit of the statute but have abandoned their claim that only the names of the witnesses were required. We believe

that plaintiffs' position can best be described as a claim of substantial compliance.

Our first inquiry is whether section 668.11 must be followed literally or whether it requires substantial compliance. With its prohibition of testimony, this section is properly classified as procedural or remedial rather than substantive. *See State ex rel. Buechler v. Vinsand,* 318 N.W.2d 208, 210 (Iowa 1982). A procedural or remedial statute is liberally interpreted to accomplish its purpose. *State v. Green,* 470 N.W.2d 15, 18 (Iowa 1991). We conclude section 668.11 requires substantial compliance. Substantial compliance is "compliance in respect to essential matters necessary to assure the reasonable objectives of the statute." *Superior/Ideal, Inc. v. Board of Review of the City of Oskaloosa,* 419 N.W.2d 405, 407 (Iowa 1988).

We next look to the objectives of section 668.11. We have previously stated that the legislative intent for establishing deadlines in professional liability actions was to provide certainty about the identity of experts and prevent last minute dismissals when an expert cannot be found. *Cox v. Jones,* 470 N.W.2d 23, 25–26 (Iowa 1991). We have also stated:

> Early disposition of potential nuisances cases, and those which must ultimately be dismissed for lack of expert testimony, would presumably have a positive impact on the cost and availability of medical services.

*Thomas v. Fellows,* 456 N.W.2d 170, 173 (Iowa 1990). Section 668.11 is designed to require a plaintiff to have his or her proof prepared at an early stage in the litigation in order that the professional does not have to spend time, effort and expense in defending a frivolous action.

Plaintiffs argue that they substantially complied with section 668.11(1) because the experts' qualifications are apparent in the title "Dr." However, plaintiffs' amended designation negates their argument. Plaintiffs' experts' qualifications are diverse: one is a podiatrist, another an M.D. and the third an economist. While plaintiffs argue that the economist is well-known, this is a matter outside the record. We believe that the designation of each witness as "Dr." does not substantially comply with the requirement of listing qualifications because it requires defendant to expend further time and effort to obtain this information and prepare for trial.

Plaintiffs also contend that the purpose of their three experts' testimonies can be gleaned from their petition and responses to defendant's interrogatories and requests to produce medical records. They reason that in a medical malpractice action it is necessary for an expert to testify about the standard of care; therefore, at least one of the doctors listed in their designation would obviously testify about the standard of care. Plaintiffs also argue that their prayer for relief calls for compensation and damages that require a showing of lost wages and loss of earning capacity at trial; therefore, defendant should know that this was the purpose of at least one of the expert's testimony.

The district court rejected plaintiffs' arguments and concluded that they had failed to comply with section 668.11(1). The court noted that the medical records delivered in the discovery process were voluminous. It opined that defendant should not be required to search through voluminous medical documents in order to speculate what the experts' "qualifications" might be and to decipher the "purpose for calling the expert...." We agree. Designations which require further inquiry and discovery prolong the trial, add to the expenses of the professional accused of malpractice, and are at odds with the purposes of section 668.11(1).

In holding that plaintiffs' designation did not substantially comply with section 668.-11(1), we are aware that generally we are unwilling to dispose of cases for failure to abide by the rules of discovery. Rather, our objective is to dispose of cases on the merits. However, we cannot ignore the legislature's intent to provide professionals relief from nuisance suits and to avoid the costs of extended litigation in frivolous cases. We are also aware that the legislature provided some relief from the harsh-

ness of the section if an erring party can show "good cause." Section 668.11(2). We hold that plaintiffs did not substantially comply with the statute and turn to their argument concerning good cause.

II. *Good cause.* Section 668.11(2) provides relief to a party who fails to disclose an expert by allowing the court to grant leave for the expert's testimony "for good cause shown." Plaintiffs urge the trial court erred by refusing to find good cause for deficiencies in their designation.

■ We first address defendant's claim that this issue was not preserved because plaintiffs failed to request an extension of time. Plaintiffs did not request an extension of time for disclosure under subsection (1); rather, they sought to excuse noncompliance for good cause under section 668.11(2). In their resistance to defendant's motion to prohibit expert testimony, plaintiffs claimed noncompliance was an oversight and in their motion seeking reconsideration claimed they relied upon the general practice in the judicial district. The trial court, in both its rulings, found that plaintiffs failed to show good cause. The issue is preserved.

Plaintiffs raise two contentions. First, plaintiffs argue that the general practice in the judicial district is to identify expert witnesses by name only and reliance on this practice constitutes "good cause" for their failure to comply with the section 668.11. Second, plaintiffs argue that there was "good cause" to allow their experts to testify because defendant was served with discovery materials which provided information about their experts. Plaintiffs also note that in this case defendant would not be prejudiced by a "good cause finding" because they immediately filed an amendment to their certification.

■ The scope of our review is for abuse of discretion, *Donovan v. State,* 445 N.W.2d 763, 766 (Iowa 1989). We stated that "[a] trial court has broad discretion in ruling on such matters, and the exercise of that discretion will ordinarily not be disturbed unless it was exercised on clearly untenable grounds or to an extent clearly unreasonable." *Id.*

In *Donovan,* we affirmed the dismissal of plaintiffs' medical malpractice action and the district court's denial of plaintiffs' request for an extension of time to designate experts which was filed several months after the expiration of the statutory time period. *Id.* at 766. We noted that plaintiffs failed to answer interrogatories seeking the same information required by the statute, failed to answer letters from defense counsel and did not respond to a court order to comply. *Id.* at 765.

The plaintiffs' actions in this case are not nearly as egregious as those of the plaintiffs in *Donovan.* Plaintiffs complied with discovery, had their experts in hand and named them before the statutory deadline. While plaintiffs did not fully comply with section 668.11 within one hundred and eighty days, a complete designation was only delinquent for about one week. We fail to see how defendant suffered any measurable harm or prejudice by this delay.

■ In determining whether good cause exists for granting plaintiffs' request to be excused from complying with the section 668.11 time limit, we believe the district court could have properly considered the seriousness of the deviation and defendant's prejudice or lack thereof. In examining their own rule requiring timely disclosure of experts, the Minnesota court stated, "[t]he crucial question is whether defendant has been prejudiced to any appreciable degree by the late disclosure." *Dennie v. Metropolitan Medical Center,* 387 N.W.2d 401, 405 (Minn.1986). While our situation involves a statute rather than a rule of law, we also believe prejudice is a relevant factor in determining good cause.

We also note that in *Donovan,* defense counsel wrote letters and sought to cajole plaintiffs' counsel into compliance. Here, defendant's counsel silently waited for the time period to pass and then used plaintiffs' deficient designation to seek a prohibition of plaintiffs' experts and a dismissal of their claims. While we do not suggest that opposing counsel must act as his or her "brother's keeper," we believe it is

appropriate to consider defendant's counsel's actions, or lack thereof, in determining good cause for granting plaintiffs' request for relief.

■ We conclude that the district court abused its discretion by failing to grant plaintiffs' request to be excused from complying with section 668.11. Defendant was not prejudiced, plaintiffs were ready with their experts, and had a good record of complying with discovery in this case. Because the ruling prohibiting expert testimony caused the eventual dismissal of this case, we reverse the dismissal. We remand to the district court for an order reinstating the case and for further proceedings.

**REVERSED AND REMANDED.**