# IN THE COURT OF APPEALS OF IOWA

No. 18-0104
Filed September 12, 2018

**JULIE A. EMBRING,**
    Plaintiff-Appellant,

**vs.**

**OB-GYN SPECIALISTS, P.C. and BRETT R. RICHMAN, M.D.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

A patient alleging medical malpractice appeals the grant of summary judgment to the medical doctor and health care facility. **AFFIRMED.**

Erik A. Luthens of Luthens Law Offices, PC, West Des Moines, for appellant.

Jennifer E. Rinden and Kerry A. Finley of Shuttleworth & Ingersoll, PLC, Cedar Rapids, for appellee OB-GYN Specialists, P.C.

John (Jack) D. Hilmes and Aaron J. Redinbaugh of Finley Law Firm, PC, Des Moines, for appellee Brett R. Richman, M.D.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Julie Embring filed a medical malpractice action against Dr. Brett Richman and OB-GYN Specialists, P.C. Dr. Richman and OB-GYN Specialists sought and were granted summary judgment on the ground that Embring's lack of expert testimony on the standard of care prevented her from establishing a prima facie case of medical negligence.

## I.      Background Facts and Proceedings

The facts as alleged by Embring are that she underwent a hysterectomy, performed by Dr. Richman on March 19, 2013, to correct internal bleeding that resulted from her giving birth on November 30, 2012. On approximately March 26, 2013, Embring suffered severe abdominal pain that Dr. Richman opined was likely the flu. On May 21, Embring again suffered from severe abdominal pain and Dr. Richman advised her that an abdominal hematoma ruptured. Embring suffered from an infection for the remainder of 2013. In January 2014, Embring underwent bilateral ilioinguinal nerve entrapment surgery.

On December 1, 2014, Embring filed a medical malpractice petition alleging Dr. Richman and OB-GYN Specialists were negligent in performing the hysterectomy and in treating the resulting infection, and that such negligence was the proximate cause of her damages. OB-GYN Specialists filed an answer on March 17, 2015, and Dr. Richman filed his answer on March 30; both denied the claims. Embring designated Dr. Gary Milzer and Dr. Brian Locker as expert witnesses for trial. Embring received a written opinion on the standard of care from Dr. Milzer prior to trial but did not receive an opinion from Dr. Locker. Dr. Milzer died on October 8, 2016. In March 2017, upon learning of Dr. Milzer's death,

Embring notified Dr. Richman and OB-GYN Specialists that she would be contacting Dr. Locker to provide an opinion on the standard of care. Embring then contacted Dr. Locker on September 5, 2017. Dr. Locker subsequently informed Embring he was unable to testify as to the standard of care as requested.

On November 8, 2017, Dr. Richman and OB-GYN Specialists filed a joint motion for summary judgment asserting Embring could not present an expert witness to establish a prima facie claim of medical negligence, citing Iowa Code section 668.11 (2014), and without such expert testimony, Dr. Richman and OB-GYN Specialists were entitled to judgment as a matter of law. On November 13, Embring filed a motion to continue, and on November 27, Embring filed a motion to enlarge time to file her resistance to summary judgment and a motion to enlarge the expert witness designation deadline. The district court denied Embring's motions on December 18.

On December 20, the district court granted Dr. Richman and OB-GYN Specialist's motion for summary judgment. Embring appeals.

## II.     Standard of Review

We review district court rulings concerning pretrial deadlines for an abuse of discretion. *Hantsbarger v. Coffin*, 501 N.W.2d 501, 506 (Iowa 1993). A trial court has broad discretion in ruling on matters of expert witness deadlines, and the exercise of that discretion will ordinarily not be disturbed unless it was exercised on clearly untenable grounds or to an extent clearly unreasonable. *Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989).

We review the summary judgment ruling for legal error. *Seneca Waste Sols., Inc. v. Sheafer Mfg. Co.*, 791 N.W.2d 407, 410–11 (Iowa 2010). We view

the record in the light most favorable to the non-moving party. *Robinson v. Allied Prop. & Cas. Ins. Co.*, 816 N.W.2d 398, 401 (Iowa 2012).

### III.     Pre-trial Motions

Embring asserts the district court abused its discretion when it denied her motion to continue, and when it denied her motion to enlarge time to file a resistance to the motion for summary judgment and motion to enlarge the witness designation deadline.  Iowa Code section 668.11 provides deadlines for the designation of expert witnesses in medical malpractice cases.  The section states:

> 1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:
> a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.

Iowa Code § 668.11(1)(a).  In determining whether good cause exists for excusing compliance with the section 668.11 time limit, we consider three factors: (1) the seriousness of the deviation from the timeline; (2) the prejudice to the defendant; and (3) defense counsel's actions.  *Hantsbarger*, 501 N.W.2d at 505–06.  In addition, "a continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained."  *Ragan v. Petersen*, 569 N.W.2d 390, 393 (Iowa Ct. App. 1997) (quoting Iowa R. Civ. P. 1.911(1)).  When a motion to continue alleges a cause that does not stem from the movant's fault or negligence, the court must determine whether substantial justice will be obtained by granting the motion.  *Id.* (citing *State v. Birkestrand*, 239 N.W.2d 353, 360 (Iowa 1976)).

Embring cited Dr. Milzer's unexpected death and Dr. Locker's decision not to testify as reasons for the continuance and extension of time to resist the motion for summary judgment and to extend the expert witness deadline. The district court denied Embring's requests, finding there was not good cause to do so, because:

> The plaintiff has had extensive time to obtain the necessary expert opinions as to the standard of care applicable to her claims and has failed to do so. The court is not unsympathetic to the effect Dr. Milzer's death had on the plaintiff's case; however, the plaintiff's attorney took no action for almost eight months following the first notice he gave to the defendants to obtain opinions from Dr. Locker, despite the fact that Dr. Locker had been designated as an expert to provide such opinions in September of 2015.
> The defendants were consistently stymied in their efforts to obtain discovery responses, expert opinions and deposition dates, all of which convinces the court that the failure of the plaintiff to comply with the applicable deadlines in this case is not due to excusable neglect. The court does not find the plaintiff or her attorney used reasonable diligence in obtaining substitute expert opinions following Dr. Milzer's death, nor is there any evidence that the plaintiff or her attorney had made any other attempts to contact any other expert besides Dr. Locker.

On appeal, Embring again cites Dr. Milzer's unanticipated death and Dr. Locker's decision not to testify as reasons for granting the motions. Like the district court, we do not view Embring's failure to comply with applicable deadlines as stemming from excusable neglect. Despite Dr. Milzer's untimely death in October 2016, Embring did not notify Dr. Richman or OB-GYN Specialists until March 2017. Embring stated that she first learned of the death in March; however, the trial, initially set for November 2016, was continued and a trial setting conference was held on October 14, 2016, and Dr. Richman and OB-GYN Specialists requested to depose Dr. Milzer in November and December. Presumably, Embring would be

in contact with Dr. Milzer to (1) notify him of the new trial date and (2) to notify him of Dr. Richman and OB-GYN Specialist's request to depose him.

Moreover, Embring did not contact Dr. Locker regarding a report on the standard of care until September 2017, more than eight months after Dr. Richman and OB-GYN Specialist's request for his report. This was despite Dr. Richman and OB-GYN Specialist's request to supplement Embring's discovery responses in May 2017. The district court considered the effect Dr. Milzer's death had on Embring's case and her lack of performance throughout the remaining months, including her lack of communication with Dr. Locker.

Upon our review of the record, we conclude the district court did not abuse its discretion in denying Embring's motion to continue, her motion to enlarge time to file a resistance to Dr. Richman and OB-GYN Specialist's motion for summary judgment, and her motion to enlarge the expert witness designation deadline.

## IV. Summary Judgment

Dr. Richman and OB-GYN Specialists asserts Embring failed to preserve error on the issue of summary judgment because she failed to explicitly resist their motion. Dr. Richman and OB-GYN Specialists argues this failure, and the failure to file a motion to enlarge, means Embring did not preserve error on this issue. Embring presented her issues on the motion to continue and extend deadlines, which the district court ruled on. Despite Embring not resisting the motion for summary judgment the district court ruled on the issue of whether Embring presented a prima facie case of malpractice. Accordingly, error was adequately preserved. *See Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 28 (Iowa 2005) ("[I]f a motion for summary judgment presented the issue to the district court

and the district court ruled on it, the rule requiring the district court to first consider issues raised on appeal is satisfied.").

In order to establish a prima facie case of medical malpractice, Embring must show evidence establishing the applicable standard of care, demonstrating the standard has been violated, and showing a causal relationship between the violation and the alleged harm.

> Generally, when the ordinary care of a physician is an issue, only experts can testify and establish the standard of care and the skill required. If the standard of care of a physician . . . is at issue, Iowa law permits only testimony upon appropriate standard of care by an expert who has qualifications, related directly to the medical problem at issue and type of treatment administered.

*Hill v. McCartney*, 590 N.W.2d 52, 54 (Iowa 1998). As noted above, the district court did not abuse its discretion in denying Embring's motions. As a result, Embring placed no evidence in the summary judgment record to show any physician formed an opinion that would satisfy her requirement to offer expert testimony which would allow her case to proceed. Accordingly, the district court properly granted summary judgment for Dr. Richman and OB-GYN Specialists.

## V. Conclusion

Because there was not good cause to continue trial or to extend Embring's expert witness deadlines, Embring could not produce an expert opinion to support her claim of medical negligence and the district court properly granted summary judgment for Dr. Richman and OB-GYN Specialists.

**AFFIRMED.**