# IN THE COURT OF APPEALS OF IOWA

No. 18-1198
Filed September 11, 2019

**MELISSA SADLER, Individually, and as Parent and Next Friend of S.S., A.S., Z.S., and I.S., Minor Children,**
    Plaintiffs-Appellants,

**vs.**

**POLLY PRIMUS and PATHWAYS BEHAVIORAL SERVICES, INC.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Butler County, Linda M. Fangman, Judge.


Melissa Sadler appeals an adverse summary judgment ruling and dismissal of her civil suit. **AFFIRMED.**


John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for appellants.

Jason T. Madden and Caroline K. Bettis of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellees.


Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

In March 2017, Melissa Sadler, individually, and as parent and next friend of her four minor children, filed a petition at law against several parties, including Polly Primus and Pathways Behavioral Services, Inc. (Pathways defendants), forwarding allegations of improper actions or failures to act in child-in-need-of-assistance (CINA) proceedings.[1] The claims against the Pathways defendants included (1) failure to report child abuse or interfering with the reporting of child abuse, (2) professional malpractice, and (3) infliction of emotional distress. In the coming months, Sadler dismissed her claims against the CASA and the prosecutors. Thereafter, trial was scheduled for August 21, 2018. In November 2017, the district court granted the DHS defendants' motion to dismiss. Sadler appealed this ruling.

On March 23, 2018, while the appeal was pending, the Pathways defendants filed a motion for summary judgment on a number of grounds. The Pathways defendants argued, among other things, because Sadler failed to timely designate expert witnesses, she should therefore be barred from presenting expert testimony, and, consequently, she could not establish her claims as a matter of law. The GAL filed a motion for summary judgment a few days later. On April 5, almost two weeks after the Pathways defendants moved for summary judgment, Sadler filed a disclosure of her expert witness. On April 9, at 10:41 a.m., the court entered an order granting the pending motions for summary judgment. In its order,

---

[1] The initial defendants also included the Iowa Department of Human Services, its director, a child protective worker, and a social worker (DHS defendants); two prosecutors; a detective; a court-appointed special advocate (CASA); and a guardian ad litem (GAL).

the court noted, "More than ten (10) days has passed and no Resistance has been filed." The court granted summary judgment as to the Pathways defendants and the GAL as follows: "The Court, having reviewed all of the evidence provided with the motions for summary judgment and the fact no resistance to the motions for summary judgment were filed find the Defendants are entitled to judgment as a matter of law."[2] Fifteen minutes after the court filed its order, Sadler filed motions to continue trial and the deadline to disclose expert witnesses. In the late afternoon, Sadler filed a motion to extend her deadline to file a resistance to the Pathways defendants' motion for summary judgment. On April 11, the court denied the motion to extend the time for filing a resistance to the motion for summary judgment, stating:

> The Motion for Summary Judgment was filed on March 23, 2018. Pursuant to Rule 1.981(3) "a party resisting the motion shall file a resistance within 15 days, unless otherwise ordered by the court . . . [.]" Therefore, a resistance must have been filed by April 9, 2018, and no resistance was filed and no extension had been granted.

On April 19, Sadler filed a motion to reconsider the orders granting summary judgment and denying the request for an extension to resist summary judgment and additionally requesting a ruling on the motion to extend the expert-witness deadline. Therein, Sadler argued the April 9 order granting summary judgment was premature because it was filed before the deadline to resist as stated in Iowa Rule of Civil Procedure 1.981(3), the motion should not have been granted on the merits, and the court should grant Sadler's motion to extend the expert-witness

---

[2] The GAL's motion is not at issue in this appeal. After the court granted the GAL's motion for summary judgment, Sadler dismissed her as a defendant.

deadline. On April 24, Sadler supplemented her motion, forwarding challenges to the merits of the other grounds asserted in the Pathways defendants' motion for summary judgment. On June 13, the court summarily denied the motions. A week later, the detective filed a motion for summary judgment. Soon, Sadler dismissed the detective as a defendant. On July 10, the court entered an order dismissing the case, as the detective was the last remaining defendant. At this time, the propriety of the district court's grant of the DHS defendants' motion to dismiss was still pending on appeal. Again, Sadler appealed.

On appeal, Sadler argues the court (1) improperly failed to allow her fifteen days to respond to the defendants' motion for summary judgment, (2) lacked jurisdiction to entertain the motion when an appeal was pending, (3) abused its discretion in denying her motion to extend expert-witness deadlines, and (4) erred by dismissing the lawsuit when an appeal was pending concerning the propriety of a motion to dismiss granted in favor of other defendants.

We first consider whether the district court had jurisdiction to rule on the Pathways defendants' summary judgment motion while an appeal was pending concerning the propriety of dismissal of the action against the DHS defendants. We agree with Sadler that, "[a]s a general rule, a district court loses jurisdiction of the merits of a controversy once an appeal is perfected." *State v. Formaro*, 638 N.W.2d 720, 726 (Iowa 2002); *accord Freer v. DAC, Inc.*, 929 N.W.2d 685, 688 (Iowa 2019). "An exception to this rule, however, permits the district court to retain jurisdiction over disputes that are collateral to the subject matter of the appeal." *Formaro*, 638 N.W.2d at 726. The district court is allowed to "resolve matters outside the issues on appeal." *Id.* The pending appeal only concerned the

propriety of the court's ruling on the DHS defendants' motion to dismiss. *See generally Sadler v. Iowa Dep't of Human Servs.*, No. 17-1970, 2019 WL 1752651 (Iowa Ct. App. Apr. 17, 2019), *further review denied* (Aug. 21, 2019). Summary judgment as to the Pathways defendants is clearly a matter outside of the issues that were pending on appeal and, consequently, we conclude the court had jurisdiction to entertain the motion. *See Formaro*, 638 N.W.2d at 726.

We turn to Sadler's argument that the court erred in ruling on the summary judgment motion without providing her the full fifteen days to file a resistance. Iowa Rule of Civil Procedure 1.981(3) affords a party "15 days, unless otherwise ordered by the court," to resist a motion for summary judgment. While we agree with Sadler that she should have been allowed the full fifteen days, we find the error harmless because, for the following reasons, we conclude the Pathways defendants would have ultimately been entitled to judgment as a matter of law, regardless of whether she was afforded an opportunity to file a resistance, upon their argument that Sadler could not formulate a prima facie case of tort liability as to a licensed professional for failing to timely disclose her expert witness.[3]

This brings us to Sadler's argument that the court abused its discretion in denying her motion to extend expert-witness deadlines. Sadler makes no argument that any of her claims against the Pathways defendants did not require expert testimony. Indeed, all of Sadler's claims against the Pathways defendants concern alleged breaches of professional duties. We review a denial of a motion

---

[3] Sadler also forwards arguments challenging the merits of the Pathways defendants' other asserted grounds for summary judgment. We find it unnecessary to address those arguments.

to extend expert-witness deadlines for an abuse of discretion, our most deferential standard of review. *See Hill v. McCartney*, 590 N.W.2d 52, 54 (Iowa Ct. App. 1998); *see also State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). "Trial courts have broad discretion in ruling on whether to extend the time allowed for parties to designate expert witnesses under [section] 668.11, and the exercise of that discretion will not be disturbed unless it was exercised on clearly untenable grounds or to an extent clearly unreasonable." *Hill*, 590 N.W.2d at 54–55.

Plaintiffs in professional-liability cases against licensed professionals are required to designate their experts within a certain timeframe. *See* Iowa Code § 668.11(1)(a) (2017). If a party fails to timely designate an expert, "the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown." *Id.* § 668.11(2). "Good cause under section 668.11 must be 'more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect.'" *Thomas v. Fellows*, 456 N.W.2d 170, 172 (Iowa 1990) (quoting *Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989)).

In the motion to extend expert-witness deadlines, Sadler agreed her deadline to disclose her experts passed roughly four months beforehand. In support of her position that "good cause" existed to allow an extension, Sadler simply argued the Pathways defendants would not be prejudiced by the late disclosure and they did not seek discovery of Sadler's expert. Sadler echoes these arguments on appeal. In determining whether good cause exists, "the court considers three factors: (1) the seriousness of the deviation; (2) the prejudice to the defendant; and (3) the defendant's counsel's actions." *Hill*, 590 N.W.2d at 55.

Here, the seriousness of the deviation clearly weighs in favor of denial of the motion to extend the deadline. *Compare Donovan*, 445 N.W.2d at 766 (finding no abuse of discretion in denial of extension request where "the time to designate witnesses had run several months" before the request), *with Hantsbarger v. Coffin*, 501 N.W.2d 501, 505 (Iowa 1993) (finding abuse of discretion in denial of extension request where "a complete designation was only delinquent for about one week").

While "prejudice is a relevant factor in determining good cause," *Hantsbarger*, 501 N.W.2d at 505, "it is only one factor" and "[l]ack of prejudice, by itself, does not excuse" a late designation. *Nedved v. Welch*, 585 N.W.2d 238, 241 (Iowa 1998). While we agree that the level of prejudice to the Pathways defendants is not astounding, at the end of the day "we cannot ignore the legislature's intent to provide professionals relief from nuisance suits to avoid the costs of extended litigation in frivolous cases." *Hantsbarger*, 501 N.W.2d at 504. We turn to the Pathways defendants' counsel's actions. While we agree counsel should not "silently wait[] for the time period to pass and then" use the untimely "designation to seek a prohibition of" expert testimony and pursue summary judgment, *id.* at 505, that is not exactly what happened here. Here, the expert-witness deadline had long passed when the Pathways defendants filed their summary judgment motion. Further, there is no requirement "that opposing counsel must act as his or her 'brother's keeper.'" *Id.*

We are unable to say the district court exercised its discretion on clearly untenable grounds or to an extent clearly unreasonable. Consequently, we affirm

the denial of Sadler's motion to extend expert-witness deadlines and the grant of summary judgment.

We turn to Sadler's final argument, that the court erred by dismissing the lawsuit when an appeal was pending concerning the propriety of the grant of the motion to dismiss in favor of the DHS defendants. Her position seems to be that the DHS defendants were still technically defendants in the suit and the court therefore should not have dismissed the case in its entirety. However, "[i]t is our duty on our own motion to refrain from determining moot questions." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) (citation omitted). "A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Id.* (citation omitted). In determining whether an issue is moot, we are entitled to review matters outside of the record on appeal. *See, e.g.*, *Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 170 n.3 (Iowa 2015); *Iowa Mut. Ins. Co. v. McCarthy*, 572 N.W.2d 537, 539 n.1 (Iowa 1997); *In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992).

A review of matters outside the record discloses this court recently affirmed the district court's grant of the DHS defendants' motion to dismiss. *See generally Sadler*, 2019 WL 1752651, at *1–2.[4] Consequently, we determine Sadler's final argument to be moot and we do not address it.

We affirm the outcome of the district court proceedings.

**AFFIRMED.**

---

[4] The supreme court denied Sadler's application for further review; this court's decision affirming the district court's grant of the DHS defendants' motion to dismiss is therefore final.