# IN THE COURT OF APPEALS OF IOWA

No. 20-0195
Filed December 16, 2020

**DANIELLE PUTMAN,**
    Plaintiff-Appellant,

**vs.**

**SHAWN J. WALTHER and AMY M. WALTHER,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann Lekar, Judge.

A home buyer appeals the district court's grant of summary judgment to the sellers on her claims of fraudulent and negligent misrepresentation. **AFFIRMED.**

Patrick C. Galles of Correll, Sheerer, Benson, Engels, Galles & Demro P.L.C., Cedar Falls, for appellant.

Matthew M. Craft of Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson, P.L.C., Waterloo, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Danielle Putman bought a home from Shawn and Amy Walther. After water seeped into her basement, Putman sued the Walthers for fraudulent misrepresentation and negligent misrepresentation of the conditions of the house. Putman now appeals the district court's grant of the Walthers' motion for summary judgment. Because the court properly determined Putman's failure to designate an expert witness on causation and damages was fatal to her case, we affirm the summary judgment ruling.

## I.      Facts and Prior Proceedings

In March 2018, the Walthers sold their house to Putman. In the Seller Disclosure of Property Condition, the Walthers revealed that the basement only had a "2010 sewer back up and SW wall seepage a few times." But after Putman took possession of the home in April, she experienced significant water infiltration in the basement.

To address that problem, Putman arranged for Magee Construction Company to inspect her basement. After the inspection, Magee Construction sent her a letter detailing the harm caused by seepage:

> Inspected the water damage to your lower level on Monday the 16th of July. Observed water damage to the family rooms and bedroom. Tested the walls of all the rooms with a moisture meter and had water in the drywall a foot up from the floor.

The letter also described the damage shown in four photographs:

> The pictures #2 show the meter pegged with moisture a foot up from the floor. Pictures #1 shows the floor of the bedroom SW corner, raised off the concrete floor approximately 2 1/2″ which indicates a previous water infiltration from the exterior. Not known at this time of any damage to the framing under existing sub floor. Pictures #3 show the damage to the flooring of the family rooms. Pictures #4

show the exterior SW side exterior, which show an existing basement window behind the mulch/dirt and at some point in time a wall was built to channel the water flow on the south side of the structure. Pictures #5 show an old drain line capped off and a clean-out which were under the carpet and pad of the family room.

Magee Construction estimated it would cost $11,571.48 to repair the water damage to the basement.

In October 2018, Putman sued the Walthers for both fraudulent misrepresentation and negligent misrepresentation.[1] Putman alleged their failure to disclose the defects of the basement caused her "mental, emotional, and financial damage and loss." She attached the letter, estimate, and photographs from the inspection.

After the parties' initial disclosures, the Walthers moved for summary judgment in November 2019, noting Putman "failed to designate an expert witness and can offer no testimony concerning causation as to the water intrusion into [her] home."

Putman resisted their motion. In her resistance, she listed the following sources: (1) city employees called to her home to observe the water infiltration; (2) Magee Construction, the company that conducted an inspection and provided a repair estimate; (3) realtor Steve Burrell, who provided a sale price estimate; and (4) neighbors who could testify as to the water in her basement. Putman also asserted that she could "testify as to the source of water and her observations

---

[1] The petition also named as defendants Sandy Stuber, Michael Meaney, and Mike Bartlett Home Inspections. Putman amended the petition on November 30 to add Movers & Shakers, LLC and Sulentic & Fischels Realtors, Inc. as defendants. Putman voluntarily dismissed the appeal as to these defendants, leaving the Walthers as the only appellees.

having lived in the home for more than a year." Expanding on that point, Putman submitted an affidavit, stating "[t]hat water came in to the basement from sanitary sewer overflow, seepage through the floor and walls and other unknown sources."

In January 2020, the district court granted the Walthers' motion for summary judgment. The court held that "expert testimony is required on the issues of causation and damages, because the cause of water damage to the house and the cost of repair are not common knowledge to a lay person." Putman did not meet that requirement, in the court's estimation:

> [A]fter review of the record, the witnesses mentioned in Plaintiff's Resistance were not formally designated as experts nor were these individuals disclosed as experts in the Plaintiff's discovery responses. In reviewing the interrogatory responses submitted in support of the various motions for summary judgment, the Court notes that no expert witness was mentioned in the discovery responses.[2] Further, Plaintiff makes summary allegations that representatives were disclosed in the Resistances to the motions for summary judgment but provides no actual interrogatory responses to support these allegations.

After listing those deficiencies, the court ruled Putman had not properly designated or disclosed an expert on the issues of causation or damages. Given that omission, the court granted summary judgment on Putman's claims of negligent misrepresentation and fraudulent misrepresentation.[3]

---

[2] In answers to interrogatories, Putman listed four neighbors as witnesses. She also listed as expert witnesses a city engineer, the waste management director, the sewer maintenance foreperson, and a representative of Magee Construction. Defendants Sandy Stuber and Movers & Shakers, LLC provided Putman's list of expert witnesses as an exhibit in support of their objections to her witness and exhibit list. That exhibit was not part of the record in the motion for summary judgment.

[3] The district court noted Putman did not refer to Iowa Code chapter 558A (2019) in her complaint but "essentially pled a cause of action under that chapter."

Putman appeals the district court's decision granting summary judgment.

## II. Scope and Standard of Review

Our review of summary judgment decisions is for correction of errors at law. *Hollingshead v. DC Misfits, LLC*, 937 N.W.2d 616, 618 (Iowa 2020). A party may be granted summary judgment by showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "We review the facts in the record 'in the light most favorable to the nonmoving party' and 'draw every inference in favor of the nonmoving party.'" *Hollingshead*, 937 N.W.2d at 618 (quoting *Skadburg v. Gately*, 911 N.W.2d 786, 791 (Iowa 2018)).

## III. Analysis

Putman does not dispute that she needed to present expert testimony to establish her claims of causation and damages. *See Doe v. Cent. Iowa Health Sys.*, 766 N.W.2d 787, 793 (Iowa 2009) ("When the causal connection between the tortfeasor's actions and the plaintiff's injury is not within the knowledge and experience of an ordinary layperson, the plaintiff needs expert testimony to create a jury question on causation.").

Iowa Rule of Civil Procedure 1.500(2)(a) provides that "a party must disclose to the other parties the identity of any witness the party may use at trial to present evidence under Iowa Rules of Evidence 5.702, 5.703, 5.705."[4] Under this disclosure rule, a party must disclose the identity of expert witnesses. *McConkey*

---

[4] These rules of evidence govern testimony by expert witnesses.

*ex rel. B.M. v. Huisman*, No. 18-1399, 2019 WL 3317373, at *3 (Iowa Ct. App. July 24, 2019).

Putman asserted in her resistance to summary judgment that she had "identified witnesses in response to discovery requests," including Magee Construction. But the district court determined "the witnesses mentioned in Plaintiff's Resistance were not formally designated as experts nor were [they] disclosed as experts in the Plaintiff's discovery responses."[5]

On appeal, Putman raises a different issue, contending she adequately disclosed Magee Construction as an expert witness by attaching the letter and estimate from the company to her original petition. She argues no formal designation was necessary because "the Magee estimate was not formulated for purposes of issues in pending or anticipated litigation." She relies on *Hansen v. Central Iowa Hospital Corp.*, 686 N.W.2d 476, 480 (Iowa 2004), in which the plaintiff failed to designate her treating physician as an expert witness in accordance with Iowa Code section 668.11 (2001). Our supreme court determined the physician could still give his opinion testimony on causation arising from treating the plaintiff because his opinion was not "formulated as a retained expert for purposes of issues in pending or anticipated litigation." *Hansen*, 686 N.W.2d at 485.

---

[5] The court explained that it made its ruling by "reviewing the interrogatory responses submitted in support of the various motions for summary judgment." As noted, Putman listed Magee Construction as an expert witness in the answer to an interrogatory, but none of the parties submitted the answer in association with the motion for summary judgment.

Putman did not raise this issue in her resistance to the Walthers' motion for summary judgment. She stated only that she had identified Magee Construction "in response to discovery requests." Also, the district court never ruled on whether Putman had retained Magee Construction in anticipation of litigation. *See id.* We conclude Putman did not preserve this issue for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Next, Putman claims she complied with the substance of rule 1.500(2)(c) by attaching Magee Construction's estimate to her petition, which included "the contractor's full name, address, telephone number, fax number, e-mail address, a detailed summary of his observations, photographs, and a reasonable repair cost." Because she provided this information, Putman contends her failure to formally designate Magee Construction as an expert witness was harmless error.

Putman does not provide legal authority to support her claim that she substantially complied with the disclosure rule. Substantial compliance means "compliance in respect to essential matters necessary to assure the reasonable objectives" of the rule or statute. *See Hantsbarger v. Coffin*, 501 N.W.2d 501, 504 (Iowa 1993) (finding literal compliance with Iowa Code section 668.11 on expert disclosure was not required). Because she offers no cases to bolster her position, we find this issue waived on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Even if the issue was not waived, the district court did not rule on the issues of substantial

compliance or harmless error, and therefore these issues have not been preserved for our review. *See Meier*, 641 N.W.2d at 537.

Finally, Putman contends summary judgment was inappropriate because the Magee Construction estimate presented a genuine issue of material fact on the issues of causation and damages for her claim under Iowa Code section 558A.6. That statute creates a civil cause of action for a seller's failure to make required real estate disclosures. *See Arthur v. Brick*, 565 N.W.2d 623, 626 (Iowa Ct. App. 1997) (noting chapter 558A sets "standards for disclosure" in real estate transactions).

On this point, the district court noted: "Although the Petition did not specifically refer to Code of Iowa Chapter 558A, the allegations of the Petition essentially pled a cause of action under that Chapter." After determining that expert testimony on causation was required for Putman's claim, the court concluded: "In sum, all claims made by the Plaintiff, including negligent misrepresentation, fraudulent misrepresentation or violation of Chapter 558A to the extent that cause of action could be considered pled by Plaintiff, are subject to summary disposition for failure to designate or disclose experts on causation and damages."

Summary judgment is appropriate when a plaintiff's claims must be supported by expert testimony and the plaintiff fails to designate an expert witness. *See Karnes v. Keffer Overton Assocs. Inc.*, No. 00-0191, 2001 WL 1443512, at *2 (Iowa Ct. App. Nov. 16, 2001) ("We agree with the district court that an expert was necessary in this case and that failure to designate one was appropriate grounds for summary judgment in favor of the defendants."); *accord City of Riverside v.*

*Metro Pavers, Inc.*, No. 16-0923, 2017 WL 2875687, at \*2–3 (Iowa Ct. App. July 6, 2017).  Putman needed to designate an expert witness on her claim under chapter 558A to establish her claim that the Walthers fell short in complying with the standards for real estate disclosure.  Her failure to do so is grounds for summary judgment.

We affirm the district court's decision granting summary judgment to the Walthers.

**AFFIRMED.**