# IN THE COURT OF APPEALS OF IOWA

No. 22-1911
Filed August 30, 2023

SHAR'ON DENISE JACKSON, Individually and as Administrator of the Estate of HEZEKIAH JOSIAH SMITH,
    Plaintiff-Appellant,

vs.

CATHOLIC HEALTH INITIATIVES, INC., d/b/a MERCY MEDICAL CENTER,
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

A plaintiff appeals an adverse grant of summary judgment in her medical malpractice action. **AFFIRMED.**

Jim Quilty of Quilty Law Firm, Des Moines, for appellant.

Connie L. Diekema and Jacob T. Wassenaar of Finley Law Firm, PC, Des Moines, for appellee.

Considered by Ahlers, P.J., Badding, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BADDING, Judge.**

Shar'on Jackson's son committed suicide the same day he was discharged from Mercy Medical Center. Close to two years later, Jackson brought a wrongful death action against Mercy,[1] alleging negligent care. Although Jackson filed the certificate of merit required by Iowa Code section 147.140 (2021) and provided Mercy with initial disclosures under Iowa Rule of Civil Procedure 1.500(1), she did not disclose an expert witness under section 668.11. The district court granted summary judgment in Mercy's favor because of that failure. Jackson appeals, claiming either (1) she substantially complied with section 668.11 or (2) good cause existed to extend the time for compliance. We affirm.

*I.      Substantial Compliance*

Mercy answered Jackson's petition on October 20, 2021. Just over thirty days later, Jackson timely filed a certificate of merit affidavit signed by Dr. Kevin Cowperthwaite. *See* Iowa Code § 147.140(1)(a). In that affidavit, Dr. Cowperthwaite stated he was "familiar with the applicable standard of care in this case," which he summarily said was breached by two physicians employed by Mercy. *See id.* § 147.140(1)(b). His curriculum vitae was the only information attached to the certificate of merit.

The parties agree that Jackson's expert witness disclosure under Iowa Code section 668.11 was due on April 18, 2022—180 days after Mercy filed its answer. It was never filed. In August 2022, Mercy moved for summary judgment

---

[1] The petition named Catholic Health Initiatives, Inc. as a defendant, which does business as Mercy Medical Center, along with three physicians. Jackson later amended the petition to remove two of the physicians and voluntarily dismissed the third.

because of Jackson's failure to timely file the expert witness disclosure. *See Struck v. Mercy Health Servs.–Iowa Corp.*, 973 N.W.2d 533, 539 (Iowa 2022) ("It is well settled that expert testimony is required to prove professional negligence claims against healthcare providers.").[2]

Jackson resisted, arguing that she substantially complied with section 668.11 because her "Certificate of Merit and Initial Disclosure . . . identify Dr. Cowperthwaite within the time required by § 668.11." The initial disclosures, which Jackson said were served on Mercy in February 2023, were attached to her resistance. Dr. Cowperthwaite was listed as an "individual likely to have discoverable information," with a note directing Mercy to "[s]ee prior records for contact information." Jackson alternatively argued that "the court should find good cause to extend the time for filing to allow [her] to correct any deficiency" because her "filings meet the spirit of substantial compliance with [section] 668.11."

The district court granted summary judgment in Mercy's favor, finding Jackson did not substantially comply with section 668.11 by filing the certificate of merit under section 147.140.[3] We find no error of law in this ruling. *See Venckus*

---

[2] Jackson does not dispute that she must present expert testimony on her medical malpractice claim to survive summary judgment. *Cf. Struck*, 973 N.W.2d at 539 n.4 (noting two exceptions to the expert witness requirement).

[3] The court did not mention Jackson's initial disclosures in examining the substantial-compliance issue. *See Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023) ("Generally, we will only review an issue raised on appeal if it was first presented to *and ruled on* by the district court." (emphasis added) (citation omitted)). We elect to bypass any error-preservation concerns with this aspect of Jackson's argument given our resolution on the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing error-preservation concern and proceeding to the merits).

*v. City of Iowa City*, 990 N.W.2d 800, 807 (Iowa 2023) ("We review a district court ruling on summary judgment for correction of errors at law.").

Section 668.11(1) requires a party to timely "certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert." A plaintiff must do so "within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure." Iowa Code § 668.11(1)(a). "If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown." *Id.* § 668.11(2).

Because section 668.11 is a "procedural or remedial" statute, it is subject to liberal interpretation. *Hantsbarger v. Coffin*, 501 N.W.2d 501, 505 (Iowa 1993). Only substantial, rather than strict, compliance is required. *Id.* "Substantial compliance is 'compliance in respect to essential matters necessary to assure the reasonable objectives of the statute.'" *Id.* (citation omitted). The purpose of section 668.11 is "to require a plaintiff to have his or her proof prepared at an early stage in the litigation in order that the professional does not have to spend time, effort and expense in defending a frivolous action." *Id.*

This case, as the district court found, is similar to our recent decision in *Reyes v. Smith*, in which the plaintiffs' certificate of merit "provided the opinion of Dr. Richard Marfuggi that [the defendant] breached the standard of care." No. 21-0303, 2022 WL 1656238, at *1 (Iowa Ct. App. May 25, 2022), *further review denied* (July 22, 2022). After the plaintiffs missed their expert witness deadline under section 668.11 by about three months, the defendants moved for summary

judgment. *Id.* The plaintiffs then "filed an expert witness disclosure naming Dr. Marfuggi as their expert," along with "a motion for additional time to designate expert witnesses, asserting substantial compliance and they had good cause for missing the expert-designation deadline." *Id.* The district court denied the motion for additional time and granted summary judgment to the defendants. *Id.*

On appeal, we rejected the plaintiffs' claim of substantial compliance, concluding their disclosure of "Dr. Marfuggi's name, qualifications and opinion in the certificate of merit" under section 147.140 was not sufficient to meet the requirements of section 668.11. *Id.* at *2. We explained that "nothing in the certificate of merit shows [the plaintiffs] intended to use the same professional as their expert witness" and "the certificate-of-merit statute explicitly states the plaintiff 'shall comply with the requirements of section 668.11 and all other applicable law governing certification and disclosure of expert witnesses.'" *Id.* (quoting Iowa Code § 147.140(3)); *accord McHugh v. Smith*, 966 N.W.2d 285, 290 (Iowa Ct. App. 2021) ("By enacting section 147.140, layered over the existing mandates of section 668.11, the legislature placed higher demands on medical malpractice plaintiffs."). So we found the plaintiffs "did not substantially comply with section 668.11 by simply filing their certificate of merit." *Reyes*, 2022 WL 1656238, at *2 ("The certificate of merit 'works in tandem' with the expert designation, and the two requirements serve different purposes." (quoting *Struck*, 973 N.W.2d at 541)).

Jackson argues *Reyes* is distinguishable because she made Mercy "aware of her intent to call Dr. Cowperthwaite as her expert witness by way of the initial disclosure filed before any [section] 668.11 designation was required." True, there were no initial disclosures filed in *Reyes*. *Id.* at *1. But the initial disclosures filed

here don't get Jackson far. That's because they only listed Dr. Cowperthwaite as an "individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." *See* Iowa R. Civ. P. 1.500(1)(a)(1). He was not identified in the initial disclosures as a witness at all—expert or otherwise. *Cf.* Iowa R. Civ. P. 1.500(2) ("In addition to the disclosures required by rule 1.500(1), a party must disclose to the other parties the identity of any witness the party may use at trial to present evidence under Iowa Rules of Evidence 5.702, 5.703, and 5.705."); *McHugh*, 966 N.W.2d at 290 (finding no substantial compliance with section 147.140 where the plaintiff's "initial disclosures did not sufficiently identify the expert witness who would certify that her claim had colorable merit").

So, contrary to Jackson's sole argument on appeal, this case is not distinguishable from *Reyes.* In both cases, the plaintiffs failed to provide the defendants with notice of an intention to use the professional listed in the certificate of merit as the expert witness at trial. *See Reyes*, 2022 WL 1656238, at *2. We accordingly affirm the district court's conclusion that Jackson did not substantially comply with section 668.11.

## II. Good Cause

The district court also denied Jackson's alternative argument—that she had good cause "to extend the time for filing to allow [her] to correct any deficiency." Jackson's good-cause argument on appeal, like in district court, is limited to her assertion that she substantially complied with the requirements of section 668.11.[4]

---

[4] Jackson did not offer any reason why she failed to meet the deadline or why she did not file an expert witness disclosure in the two months between Mercy's motion

Having rejected that argument above, we likewise reject this repackaged claim and find no abuse of discretion in the court's ruling on good cause. *See Hantsbarger*, 501 N.W.2d at 505.

We affirm the district court's summary judgment ruling for Mercy.

**AFFIRMED.**

---

for summary judgment and the court's ruling, and she did not address any good-cause factors. *See Nedved v. Welch*, 585 N.W.2d 238, 240 (Iowa 1998) (stating "good cause" in section 668.11 "is a 'sound, effective, *truthful* reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect'" (citation omitted)); *see also Hantsbarger*, 501 N.W.2d at 505–06 (considering the seriousness of the deviation, the prejudice to the defendant, and defendant's counsel's actions in determining good cause under section 668.11). Nor does she dispute that the six-month delay was substantial—the primary factor the district court relied on. *See Reyes*, 2022 WL 1656238, at *2 ("[A] delay of sixty-six days is substantial.").