# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0478
Filed June 24, 2026

———————————

**Maria Setyadharma,**
Plaintiff–Appellant,

v.

**Margaret Weirich, Kristie Kunstman-Stern, and Iowa Legal Aid,**
Defendants–Appellees.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Heather Lauber, Judge.

———————————

**AFFIRMED**

———————————

Adam E. Brewster of Neighborhood Law Group of Iowa, P.C.,
West Des Moines, attorney for appellant.

Michael C. Richards and Logan S. Kraus of Dentons Davis Brown PC,
Des Moines, attorneys for appellees.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

1

**AHLERS, Judge.**

Maria Setyadharma filed a legal-malpractice suit against Iowa Legal Aid and two of its attorneys (collectively "Legal Aid") in 2022. After Setyadharma failed to designate an expert and the district court ruled she could not present expert testimony at trial as a result, she voluntarily dismissed the suit without prejudice.

Setyadharma filed this second lawsuit in 2023 making the same allegations against the same parties. Once again, she failed to certify an expert in a timely manner as required by Iowa Code section 668.11 (2023).[1] The district court granted Legal Aid's motion to exclude the expert, granted its motion for summary judgment, and dismissed this action.

Setyadharma appeals. She contends the district court erred in dismissing her case because (1) she substantially complied with Iowa Code section 668.11(1), and (2) good cause existed for her delayed disclosures.

## I.    Procedural Background

We start with a timeline. Setyadharma filed her petition on July 7, 2023. Legal Aid filed its answer on August 8. Section 668.11 required Setyadharma to certify an expert within 180 days of Legal Aid's answer, making the deadline February 5, 2024. A pretrial scheduling order required her to designate experts and produce their reports by September 25. When Setyadharma failed to certify her experts, designate her experts, and produce

---

[1] Iowa Code section 668.11(1)(a) requires a party that brings a professional liability case against a licensed professional to certify experts within 180 days of the defendant's answer unless the court extends the deadline for good cause. If the party fails to timely certify experts or does not make them available for discovery, the party is prohibited from presenting expert testimony. Iowa Code § 668.11(2).

2

expert reports by those deadlines, Legal Aid filed a motion for summary judgment on October 24, which was set for hearing on January 24, 2025. The discovery deadline expired prior to the hearing. On January 21, 2025—sixty-two days before trial—Setyadharma filed her expert certification and her expert's report. As noted, the court granted Legal Aid's motion for summary judgment, finding Setyadharma failed to substantially comply with section 668.11(1), and (2) and failed to show good cause for the delay.

## II. Substantial Compliance with Section 668.11(1) and (2)

Setyadharma concedes that she failed to comply with section 668.11, but she points out that only substantial compliance is required. *See Hantsbarger v. Coffin*, 501 N.W.2d 501, 504 (Iowa 1993) (en banc) ("We conclude section 668.11 requires substantial compliance."). "Substantial compliance is compliance in respect to essential matters necessary to assure the reasonable objectives of the statute." *Id.* (cleaned up). The objectives of section 668.11 include providing certainty about the identity of experts early in the litigation so that the professional does not spend time, effort, and expense defending a frivolous action. *Id.*

Setyadharma contends she substantially complied with section 668.11 by providing her expert's name in interrogatory answers. The district court disagreed. We review that ruling for correction of errors at law. *Wilson v. Shenandoah Med. Ctr.*, 21 N.W.3d 398, 404 (Iowa 2025).

We reject Setyadharma's challenge for two reasons. First, the district court expressly based its ruling in part on Setyadharma's failure to make her expert available for discovery as required by section 668.11(2). And Setyadharma makes no argument that she complied or substantially complied with section 668.11(2) by making her expert available for discovery. Not only does Setyadharma make no argument that she made her expert available for

3

discovery, she concedes in her brief that she did not do so because she failed to provide the expert's report as required by Iowa Rule of Civil Procedure 1.500(2). So Setyadharma has forfeited this issue on appeal. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) ("A party forfeits an issue on appeal when the party fails to make an argument in support of the issue.").

Second, even if Setyadharma did not forfeit the issue, we reject her challenge on the merits. Identifying an expert in an interrogatory answer does not meet the certification requirements of section 668.11 because "interrogatory answers do not provide the certainty the statute requires. That is because interrogatory answers can be easily supplemented." *Wilson*, 21 N.W.3d at 407. Identifying an expert in an interrogatory answer without certifying the expert with the court and failing to supply required reports until nearly eleven months after the certification deadline, after discovery had closed, and sixty-two days before trial is not substantial compliance.

The district court did not err in finding that Setyadharma failed to substantially comply with section 668.11(1) and (2).

## III.    Good Cause

Both the time deadline set by section 668.11(1) and the duty to timely make an expert available for discovery imposed by section 668.11(2) come with good cause exceptions. Setyadharma contends those good cause exceptions apply to her case. It is her burden to demonstrate good cause in order to apply the exceptions. *See id.* at 405. The district court found that Setyadharma failed to meet her burden. We review that decision for an abuse of discretion. *Id.* at 404.

In order to establish good cause for her failure to timely certify an expert and make that expert available for discovery, Setyadharma must first

prove that she had a "sound, effective, truthful reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. [She] must show [her] failure . . . was not due to [her] negligence or want of ordinary care or attention, or to [her] carelessness or inattention." *See id.* at 405 (omission in original) (quoting *Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989)). If Setyadharma provided a valid reason, we would then consider several factors: (1) how serious the deviation was; (2) whether Legal Aid suffered any prejudice; (3) the actions of Legal Aid's counsel; and (4) the diligence Setyadharma showed in pursuing her case. *See id.* at 406.

We find that Setyadharma did not meet the first step in the process, as she did not provide a sound and effective reason for her failure to comply with section 668.11 that was anything more than an excuse, plea, or apology. At the hearing on Legal Aid's motion for summary judgment, Setyadharma's counsel stated, "I make no excuse for the late filings. I am not looking to excuse that. That was absolutely an error on my end." He went on to acknowledge that he sprung into action to obtain the expert's report only after Legal Aid filed for summary judgment, which was over eight months after the certification deadline.

Based on these circumstances, the district court did not abuse its discretion in finding Setyadharma failed to establish good cause for failure to comply with section 668.11(1) and (2).

## IV. Conclusion

The district court did not err in determining Setyadharma did not substantially comply with section 668.11(1) and (2). Also, the court did not

5

abuse its discretion in concluding that Setyadharma did not establish good cause for the failure to comply. Accordingly, we affirm.

**AFFIRMED.**